CONATSER *v.* D. W. HOSKINS TRUCK SERVICE.

4-7908                                                                194 S. W. 2d 680

Opinion delivered May 27, 1946.

142

*J. H. Lookadoo* and *Agnes F. Ashby*, for appellant.

*Buzbee, Harrison & Wright,* for appellee.

McHANEY, Justice. Appellant suffered an accidental injury on September 1, 1943, arising out of and in the course of his employment by appellee, Hoskins Truck Service, as a truck driver. Following this injury compensation payments were voluntarily made by appellee, Commercial Standard Insurance Company, insurance carrier for said employer, which were continued through November 24, 1943, when further payments were stopped because appellant had returned to work on November 22.. His average weekly wage at the time of his injury was $37.50, and from the time he went back to work to the time of the hearing before the Workmen's Compensation Commission on August 6, 1945, his average weekly wages equalled or exceeded that amount. The Commission held, for that reason, he was not entitled to disability benefits under the Workmen's Compensation Law, Act 319 of 1939, but that he could come before the Commission at any time within the remainder of the statutory period, and, by showing that his wage earning capacity had been affected by the injury, receive such award as the facts then might justify.

From the action of the Commission an appeal was taken to the circuit court of Hot Spring county, where

the action of the Commission was affirmed. This appeal followed.

We think the Commission and the circuit court followed the decision of this court in *Sallee Bros.* v. *Thompson*, 208 Ark. 727, 187 S. W. 2d 956, and we agree that this case is ruled by that. It was there held, to quote a headnote, that: "The Workmen's Compensation Act does not call for general accident insurance; its purpose is to protect the worker or employee against reduced or lost earning power and when it is shown that the employee is earning higher wages in the same employment or otherwise after the injury than before he is not entitled to compensation under the act." The undisputed evidence is that since leaving the employment of appellee employer, for more than two and one-half years, appellant had actual earnings of from $40 to $71 per week, as compared with his average weekly wage of $37.50 at the time of the accident. While appellant testified that he was compelled to go to work in order to sustain himself and family and that his work was attended by discomfort, the fact remains that he did work and that he did earn by reason of his employment sums substantially in excess of what he was making at the date of injury, and, under the rule there announced, there can be no recovery here at this time and his future rights, if any, were fully preserved by the Commission.

"Disability," as defined in the statute, "means incapacity because of the injury to earn in the same or any other employment the wages which the employee was receiving at the time of the injury." Section 2 (e) of Act 319 of 1939. The fact that appellant works with discomfort does not distinguish this case from that of *Sallee Bros.* v. *Thompson,* for appellant there testified to the same effect.

This case being ruled by that, it follows that the judgment must be affirmed. It is so ordered.