DONALDSON v. CALVERT-MCBRIDE PRINTING COMPANY.

4-9244                                    232 S. W. 2d 651

Opinion delivered July 3, 1950.

Rehearing denied October 9, 1950.

*Harper, Harper & Young,* for appellant.

*Warner & Warner,* for appellee.

HOLT, J. This appeal is from a judgment of the Sebastian Circuit Court affirming the action of the Workmen's Compensation Commission, which denied appellant's claim for an alleged compensable injury.

The facts were undisputed: "It was stipulated that the claimant received an accidental injury arising out of and in the course of his employment as a result of said injury the claimant was off work from March 10, 1947, to March 17, 1947, at which time he returned to work for this respondent employer. The claimant was paid no compensation during this period for the reason that he was not off work long enough to entitle him to compensation under the provisions of the Act, but medical expense in the amount of $25 was paid by the respondents; that the employer filed his Form A-8, being the Employer's First Notice of Injury, with the Commission on March 13, 1947.

"The case was first set for hearing before Commissioner Caperton on June 22, 1949, at which time the respondents specifically pleaded the Statute of Limitations in bar of any claim for compensation. The claimant being without counsel, the Commissioner continued the case until he could secure the services of an attorney.

"The claimant testified that on Friday, March 7, 1947, he struck his coccyx, or lower end of his spine, on a part of the press where he was working; that although it hurt pretty badly he continued to work until Saturday noon, which was the end of the regular work week, and that he also worked the following Monday, but on Tues-

day, he went to Dr. Hugh Johnson, who in turn sent him to Dr. Brooksher for an X-ray; that Dr. Johnson sent him home, where he remained about one week, and then returned to his regular work as a pressman; that at that time he was being paid $52.20 per week, and that after returning to work in March, 1947, he worked most of the time for the next two years; that he first knew that he had fractured his coccyx two or three weeks after March 7, 1947; that from March, 1947, to December 31, 1948, he was off from work on ten or twelve different occasions, a week or so at a time, because his back was hurting him; that he was paid straight time by his employer for any time he lost from work from March, 1947, to October, 1948; that in October, 1948, he went to the Veterans' Administration Hospital, at Fayetteville; and about that time Dr. Johnson told him he could not do any heavy lifting, which he had to do in his job as a pressman; that he talked to his employer in October, 1948, and they gave him a job as outside salesman at $48 per week. At this time it appears that the claimant's wages, which were $52.20 per week at the time of his injury, had been increased to where he was earning $63.60 per week. However, he took the position as an outside salesman at $48 per week, and since that time his salary as such has been raised to $56.40 per week; that on March 21, 1949, he was operated on at the Veterans' Administration Hospital, in Fayetteville, and three joints of his coccyx were removed; that his condition is worse since his operation and the end of his spine pains him constantly; that there was no doubt in his mind about his injury as he was informed by Dr. Hugh Johnson that he had a fracture of his coccyx, and he had had trouble all along for a period of two years or so; that the reason he did not file a claim for compensation was that he did not know there was any time limitation for the filing of a claim; that he had had some trouble with his kidneys and he thought that they might have something to do with his condition also. It appears that the first claim for compensation filed by this claimant was a letter to the Commission dated May 23, 1949, which was received by the Commission on May 24, 1949, in which the claimant set out the injury of March 7, 1947, and his operation on March 21, 1949.''

The Commission denied appellant's claim on the ground that it was barred since it was not "filed within one year after the time of the injury" as provided by § 18 (a) of the Workmen's Compensation Law of 1939, § 81-1318, Ark. Stats. 1947.

The Commission held that "the time of injury" was March 7, 1947, and since appellant did not file his claim until in May, 1949, he was too late.

As indicated, the Circuit Court, on appeal, affirmed.

Was the claim barred? The question presented appears not to have been determined by this court.

Section 18 (a) of the Workmen's Compensation Law, in effect March 7, 1947, provided: "The right of compensation for disability under this act shall be barred unless a claim therefor is filed within one (1) year after the time of the injury."

Appellant earnestly contends that "no injury within the meaning of the Law and no disability occurred until October, 1948, and that the first time appellant suffered a loss in earnings because of his injury is the time of his 'injury' within the meaning of the Law then in effect," and that an "injury" did not occur until it became a compensable injury in October, 1948.

Appellees insist that under the plain terms of the act, appellant was barred because he failed to file his claim within one year limitation "after the time of the injury" and that this requirement was mandatory and jurisdictional.

Our rule is well settled that we must give a liberal construction to the provisions of the Workmen's Compensation Law, to effectuate its humane purposes, and resolve any doubt in favor of the claimant. To this end, we should not, in administering the act, defeat its purpose by over emphasis on technicalities, by putting form above substance. The act itself provides that in a proceeding to enforce a claim "there shall be a *prima facie* presumption * * * that the claim comes within the provisions of this act." *Batesville White Lime Company* v. *Bell*, 212 Ark. 23, 205 S. W. 2d 31.

The general rule, applicable here, is stated in *71 C. J.*, p. 966, § 734, as follows: "Unless otherwise provided by the statute, the date of the injury and the date of the accident for the purpose of bringing suit are not necessarily the same. By injury is meant the state of facts which first entitles claimant to compensation, so that if the injury does not develop until after the accident, the cause of action arises when the injury develops or becomes apparent and not at the time of the accident, the latter having been held to be the rule in regard to latent injuries even where the statute requires the proceedings to be instituted within a specified time after the accident," and the text writer in *58 Am. Jur.*, p. 846, § 409, announces the rule:

"The rule in most jurisdictions is that the period within which a proceeding for the recovery of compensation may be instituted, or within which an application or claim may be filed, commences to run when the injury accrues, or when the disabling consequences of the accident or injury become apparent or discoverable, rather than at or from the time of the happening of the accident from which the injury results.; but in some jurisdictions the period of limitations is computed from the time of the occurrence of the accident."

Appellant filed claim for compensation May 24, 1949, within less than a year from October, 1948, setting out the injury of March 7, 1947, and the operation of March 21, 1949.

As indicated, appellant argues that an injury does not occur until it becomes a compensable injury and that "time of the injury," as used in the act, means a compensable injury and the one year limitation, therefore, must be reckoned from October, 1948, when appellant's injury became compensable.

Appellees contend that "the one year limitation began to run from the date of the accident, March 7, 1947," and that "he (appellant) then had a compensable injury" on that date. In other words, appellees, in effect, argue that "time of the injury" as provided in the act is synonymous with "time of accident." We think there is a

clear distinction between an accident and an injury. The injury is the result of the accident. An accident often, at the time of its happening, produces a compensable injury, but this is not always true.

For example, one of the distinguishing features between the present case and that of *Sanderson & Porter* v. *Crow,* 214 Ark. 416, 216 S. W. 2d 796, (strongly relied upon by appellees) is that in the Crow case, on the facts, a compensable injury resulted on the date of the accident. Here, appellant's injury was not compensable until he suffered a loss in earnings in October, 1948. Such was the effect of our holding in *Sallee Bros.* v. *Thompson,* 208 Ark. 727, 187 S. W. 2d 956.

" 'Disability,' as defined in the statute, 'means incapacity because of the injury to earn in the same or any other employment the wages which the employee was receiving at the time of the injury.' Section 2 (e) of Act 319 of 1939." *Conatser* v. *D. W. Hoskins Truck Service,* 210 Ark. 141, 194 S. W. 2d 680.

In a well reasoned case by the Wyoming Supreme Court, *Baldwin* v. *Scullion,* 50 Wyo. 508, 62 Pac. 2d 533, 108 A. L. R. 304, in which many authorities are reviewed, that court construed the limitation section of their Workmen's Compensation Law, which provided "no * * * award for compensation shall be made unless, * * * claim * * * is filed by the injured workman * * * within five months after the date on which the injury occurred." It will be observed that this act is similar, in effect, to our own § 81-1318 above. The court there said: "The term 'injury' from the date of whose occurrence the mandatory time limitation imposed upon the employee to file his claim for compensation commences to run, means a compensable injury under the law. It is not used in the sense of 'accident.' ' "

It would have been an easy matter for our lawmakers, had they intended that a claim must be filed within one year from the date of the accident, to have said so by using the word "accident" rather than the word "injury." Of significance is the fact that in 1948 (1949 Cumulative Pocket Supplement, Ark. Stats.) the above

§ 81-1318 was amended so that the time for filing claims was changed to two years from the date of the accident, not the date of the injury. Section 81-1318 (a) now reads: "Time for Filing. (1) A claim for compensation for disability on account of an injury (other than an occupational disease and occupational infection) shall be barred unless filed with the Commission within two (2) years from the date of the accident."

There would appear to be no need for this change had the Legislature considered the two words "accident" and "injury" to be synonymous. We hold, therefore, that "time of injury" used in the act before amendment, as indicated, means a compensable injury, and since appellant filed his claim within one year from October, 1948, when his injury became compensable, it was filed in time.

Finally, appellees say: "Medical expense of $25 was paid by respondents. This constituted 'compensation' as defined in § 2 (i), 81-1302 (i). The employer was required to furnish it promptly (§ 81-1311). Claimant accepted it, so he was paid 'compensation' in this manner. But he still failed to file claim for 2 years, 3 months and 17 days and is barred."

We think this contention without merit for the reason that § 81-1318 (a) above, refers to "time of injury," which we hold to mean time of compensable injury (October, 1948). This section also provides "except that if payment of compensation has been made in any case on account of such injury (that is compensable injury) * * * a claim may be filed within one year after the date of the last payment."

It is undisputed that appellant received his injury on March 7, 1947, "was off work from March 10, 1947, to March 17, 1947," that he was paid no compensation during this period for the reason that he was not off work long enough to entitle him to compensation under the provisions of the act (§ 81-1310), but medical expenses in the amount of $25 were paid by the appellees for this period.

Obviously, this medical payment was not, and could not have been, a "payment of compensation * * * on ac-

count of such injury (compensable injury)'' of October, 1948.

Accordingly, the judgment is reversed and the cause remanded with directions to the Circuit Court to remand the cause to the Workmen's Compensation Commission with directions to allow appellant's claim for compensation and determine the amount thereof.