Henry W. SHEPHERD *v.* EASTERLING
CONSTRUCTION CO. and NORTHWESTERN
NATIONAL INSURANCE GROUP

CA 82-311                                              646 S.W.2d 37

Court of Appeals of Arkansas
Opinion delivered February 16, 1983
[Rehearing denied March 16, 1983.]

*Wayne B. Ball,* for appellant.

*Davis, Cox & Wright,* by: *Constance G. Clark,* for appellees.

Lawson Cloninger, Judge. In this workers' compensation case, appellant, Henry W. Shepherd, was employed as a carpenter for appellee, Easterling Construction Company, when he fell and suffered an injury to his left knee on May 12, 1978. The employer was promptly notified of the injury, and the employer's carrier paid a medical bill for $92.55 at the time. Appellant continued to work and received no workers' compensation benefits other than the payment of the medical bill.

On March 24, 1981, appellant filed a claim for medical expenses related to surgery performed on the knee on December 23, 1980, for temporary total disability while off work, and for permanent partial disability. By stipulation of the parties, the only question presented to the Commission and on this appeal is the issue of the statute of limitations.

The Commission held that the claim of appellant was barred by the applicable statute of limitations, and the claim was denied. For reversal, appellant contends that (1) the Commission erred in finding that claimant failed to prove that he filed his claim within the statutory period, that (2) the Commission erred in finding that appellant failed to prove that he filed his claim within the statutory period without also considering appellant's justifiable delay, and that (3) the Commission failed to consider the effect of appellant's plea of waiver and estoppel.

We must reverse the decision of the Commission on the basis of appellant's first point, and it will be unnecessary to discuss the other issues raised.

Ark. Stat. Ann. § 81-1318 (a) (Repl. 1976) provides that a claim for compensation for disability on account of an injury shall be barred unless filed with the Commission within two years from the date of the injury. Section 81-1318 (b) provides that in cases where compensation for disability

has been paid on account of an injury, a claim for additional compensation shall be barred unless filed within one year from the last payment of compensation, or two years from the date of the injury, whichever is greater.

Ark. Stat. Ann. § 81-1302 (e) (Repl. 1976) defines disability as incapacity because of injury to earn, in the same or any other employment, the wages which the employee was receiving at the time of his injury.

We believe the case of *Donaldson* v. *Calvert-McBride Printing Company*, 217 Ark. 625, 232 S.W.2d 651 (1950), is decisive in this case. In *Donaldson*, the claimant was injured on March 10, 1947. He was paid no compensation and continued to work, but the employer paid medical expenses of $25.00. In October of 1948, because of claimant's injury, he was assigned to a lighter job, at which time his wages were reduced. On May 24, 1949, claimant filed a claim for compensation, setting out the injury of March 10, 1947 and back surgery as a result of that injury. The Arkansas Supreme Court held that the "time of injury" means a compensable injury, and that claimant's injury did not become compensable until October, 1948 when he first suffered a loss in earnings. The court distinguished the *Donaldson* case from the case of *Sanderson & Porter* v. *Crow*, 214 Ark. 416, 216 S.W.2d 796 (1949), in that in the *Sanderson* case a compensable injury resulted on the date of the accident.

In *Donaldson* v. *Calvert-McBride Printing Company*, *supra*, the court stated:

> Finally, appellees say: 'Medical expense of $25.00 was paid by respondents. This constituted 'compensation' as defined in § 2 (i), 81-1302 (i). The employer was required to furnish it promptly. (§ 81-1311). Claimant accepted it so he was paid 'compensation' in this manner. But he still failed to file claim for two years, three months and seventeen days and is barred.'
> We think this contention without merit for the reason that § 81-1318 (a) above, refers to 'time of injury,' which we hold to mean time of compensable injury

(October, 1948). This section also provides 'except that if payment of compensation has been made in any case on account of such injury (that is compensable injury) . . . a claim may be filed within one year after the date of the last payment.'

It is undisputed that appellant received his injury on March 7, 1947, 'was off work from March 10, 1947, to March 17, 1947,' that he was paid no compensation during this period for the reason that he was not off work long enough to entitle him to compensation under the provisions of the Act (§ 81-1310), but medical expenses in the amount of $25.00 were paid by the appellees for this period.

Obviously, this medical payment was not and could not have been, a 'payment of compensation . . . on account of such injury (compensable injury)' of October 1948.

In the instant case, the testimony of appellant is uncontradicted that he continued to work long hours with the same employer until September 18, 1979 when he broke his right ankle in a non-work related accident. While it is not clear from the record, apparently appellant was unable to thereafter perform his regular job due to the difficulty of movement brought about by an injured left knee and a fractured right ankle. When the rule laid down in *Donaldson* is applied to the facts of this case, we hold that appellant's injury did not become compensable until he suffered a loss of earnings on September 18, 1979, and that the two year statute of limitations provided for in § 81-1318 (a), *supra*, did not commence running until that time. The claim for compensation was filed on March 24, 1981, which is within two years from September 18, 1979.

The medical payment of $92.55 was not a payment of compensation on account of the compensable injury of September 18, 1979. See *Donaldson v. Calvert-McBride Printing Company, supra.*

This case is reversed and remanded to the Workers' Compensation Commission for a determination of whether appellant is otherwise entitled to medical and disability compensation.