ARKANSAS LOUISIANA GAS COMPANY and
UNITED STATES FIDELITY & GUARANTY
COMPANY *v.* Jerry GROOMS

CA 83-212          661 S.W.2d 433

Court of Appeals of Arkansas
Division I
Opinion delivered December 7, 1983

*Bridges, Young, Matthews, Holmes & Drake,* by: *Michael J. Dennis,* for appellants.

*Kenneth E. Buckner,* for appellee.

GEORGE K. CRACRAFT, Judge. Arkansas Louisiana Gas Company and United States Fidelity & Guaranty Company, its carrier, appeal from a ruling of the Workers' Compensation Commission that Jerry Grooms' claim for disability benefits was not barred by the two year limitation of Ark. Stat. Ann. § 81 -1318 (Repl. 1976). They contend first that the Administrative Law Judge erred in withdrawing *sua sponte* a stipulation of the parties as to the date of "injury" and in basing his decision on a principle of law not advanced or relied on by either party, and secondly that the Commission exceeded its authority in affirming these actions of the Administrative Law Judge. We agree.

The narrow issues presented in this appeal can be brought into focus only by a recitation of the course of the

proceedings. The pertinent facts leading up to the hearing were not in dispute. On August 25, 1977 the appellee hurt his lower back when he was pinned against a truck while unloading pipe for Arkla and the employer was immediately notified. The appellee was treated on one occasion by Dr. Paulk who gave him a shot of cortisone and he returned to work after two weeks. He was paid full wages during that two week period and the carrier promptly paid Dr. Paulk's bill of $33.00.

The appellee then worked full time and received full wages from that date until September 21, 1979 when he was operated on by Dr. Adametz to remove a ruptured disk. The carrier promptly notified appellee that it denied liability for the surgery and other benefits under the Workers' Compen - sation Act pursuant to Ark. Stat. Ann. § 81-1318 which provides that a claim for disability on account of injury shall be barred if not filed with the Commission within two years of the injury.

The appellee returned to work in January 1980 but his back condition forced him to stop work completely on June 18, 1980. Despite the fact that he missed many days of work during this period he was paid full wages until that date. He did not file his claim for benefits under the Act until March 26, 1981 — more than three and a half years after the August 1977 incident.

At the hearing it was stipulated that appellee "sustained an injury on August 25, 1977," the carrier had paid the medical bill of $33.00 and, if the Statute of Limitations had not run, appellee would be entitled to maximum benefits. The parties stated their respective contentions, which were accurately recited by the Administrative Law Judge in his opinion as follows:

> Claimant contends: (1) he received an injury arising out of and in the course of his employment in August, 1977; (2) as a result of this injury he had back surgery, a laminectomy, in September, 1979; (3) a workers' compensation claim was filed on March 26, 1981; (4) payment by or through respondent employer

of sickness and accident insurance plan benefits in lieu of workers' compensation benefits has tolled the statute of limitations; . . . .

Respondent contends: (1) Ark. Stat. Ann. § 81-1318 (Repl. 1976 and Supp. 1981) bars this claim; (2) claimant is now receiving $418.59 per month in sickness and accident insurance plan benefits; (3) under the policy terms claimant will receive this amount until May 1, 2011; (4) if the statute of limitations does not bar this claim, respondents are entitled to a credit for all sickness and accident benefits already paid and to be paid in the future, so that no workers' compensation benefits are now owed or will ever be owed to claimant; . . .

It was further stipulated that the only issue to be decided at this hearing was the question of the tolling of the Statute of Limitations by payment of sickness and accident benefits under the plan. If it was found that the statute had not run the parties would then present evidence on the remaining issues. The appellee testified that from the time of the 1977 incident to his operation in 1979 he had been treated weekly by Dr. Carter of Sheridan and that his bills for those services had been submitted to and were paid by a private employer/employee benefits plan provided by Arkla under which 90% of the medical expense was paid by the plan and the balance by appellee. He testified that he received full pay from Arkla from the date of the 1977 incident until June 1980 when he received a monthly gratuity check in the amount of $388.00 under the private plan and that he began to draw "retirement pay" in the amount of $418.59 under that plan beginning December 1980.

Arkla offered evidence to prove that no bills, either for Dr. Carter or anyone else, were submitted to either the carrier or the Pension Plan from August 1977 through September 1979 when the operation was performed, and that the medical expense for the September 1979 operation was submitted to and paid by that Plan.

The appellee, relying on *Mohawk Tire & Rubber Company* v. *Brider*, 257 Ark. 587, 518 S.W.2d 499 (1975),

contended that the payments during the 1977 to 1979 period from the private employer/employee benefit plan tolled the statute. Appellant argued that no such payments had been made by the Plan but that if payments had been made it was entitled to credit for all such payments against future compenstion as provided in Ark. Stat. Ann. § 81-1319 (m) (Repl. 1976).

The Administrative Law Judge ruled that appellant was not entitled to credit for any amounts paid claimant under the private employer/employee benefits insurance plan as there was no evidence that either party intended that these payments constitute payments of compensation in advance as provided by § 81-1319 (m). The Commission correctly affirmed the ruling of the Administrative Law Judge on this point. *Emerson Electric* v. *Cargile,* 5 Ark. App. 123, 633 S.W.2d 389 (1982); *Southwestern Bell Tel. Co.* v. *Siegler,* 240 Ark. 132, 398 S.W.2d 531 (1966); *Looney* v. *Sears Roebuck,* 236 Ark. 868, 371 S.W.2d 6 (1963). No appeal is taken from that ruling.

On the issue on which the controversy was submitted the Administrative Law Judge concluded that whether Dr. Carter's bills had been paid by the employer was immaterial and made no finding on that issue. He based this conclusion on the finding that "although the *accident* in issue occurred in August of 1977 the *in jury* occurred less than two years before the March 26, 1981 filing of the claim, so the Statute of Limitations had not run." The Full Commission affirmed the Administrative Law Judge's ruling in the following language:

> Regarding the Statute of Limitations question, we are unable to distinguish this case factually or in principle from the cases cited and relied on by the Administrative Law Judge. *Donaldson* v. *Calvert-McBride Printing Co.,* 217 Ark. 625, 232 S.W.2d 651 (1950); *Woodard* v. *ITT Higbie Mfg. Co.,* 271 Ark. 498, 609 S.W.2d 114 (Ark. App. 1980).

*Donaldson* and *Woodard* differ from each other both as to facts and principles applied. *Donaldson* deals with the

question of when an injury becomes compensable and starts the period of limitations running. *Woodard* is concerned with the tolling of limitations once it has begun to run. We cannot tell from the opinion which of these cases was the basis for the Commission's decision but we conclude that it was error to apply either of them in the circumstances of this case.

Reference to three sections of our Workers' Compensation Act is required for an understanding of the decision in *Donaldson*. Ark. Stat. Ann. § 81-1318 (a) (Repl. 1976) provides:

> Filing of claims. — (a) Time for filing. (1) A claim for compensation for disability on account of an injury (other than an occupational disease and occupational infection) shall be barred unless filed with the Commission within two [2] years from the date of the injury.

> [At the time *Donaldson* was decided the limitations period was one year.]

Ark. Stat. Ann. § 81-1302 (e) (Repl. 1976):

> (e) "Disability" means incapacity because of injury to earn, in the same or any other employment, the wages which the employee was receiving at the time of the injury.

Ark. Stat. Ann. § 81-1310 (a) (Repl. 1976):

> (a) Disability. Compensation to the injured employee shall not be allowed for the first seven (7) days disability resulting from injury, excluding the day of injury. If a disability extends beyond that period, compensation shall commence with the ninth (9th) day of disability. If a disability extends for a period of two (2) weeks, compensation shall be allowed beginning the first day of disability, excluding the day of injury.

In *Donaldson* the worker was hurt on the job on March 10, 1947 and he returned to work within one week. He was

paid no compensation under the Act during that week's disability as none was required under § 81-1310 (a). The employer did pay a $25.00 medical bill. He continued to work for the same wages until his deteriorating condition required that he be given a lighter job at lower wages in October 1948. In March 1949 surgery was performed upon him which was attributable to his initial injury of March 1947. His claim for compensation was filed on May 24, 1947. The court rejected the contention that the Statute of Limitations began to run from the date of the March 10, 1947 incident pointing out that "injury" as used in § 81-1318 does not mean the date of the "accident" but the date on which the injury becomes a compensable one. The court there held that the worker's injury did not become compensable on March 10, 1947 because his loss of ability to earn wages due to disability had not continued for the period required in § 81-1310. The statute did not begin to run until October 1948 when he suffered his first wage loss due to the injury by reduction in pay which did continue for the requisite period. With respect to the payment of an initial medical bill for a noncompensable injury the court said:

> Obviously this medical payment was not and could not have been a payment of compensation . . . on account of such injury (compensable injury) . . .   .

This court reached that same result in *Shepherd* v. *Easterling Const. Co.,* 7 Ark. App. 192, 646 S.W.2d 37 (1983) where the worker injured his knee in May of 1978, received only first aid, and continued to work. His medical bill of $92.25 as paid by the carrier. He lost no wages until September 19, 1979 when he became unable to perform his regular job due to difficulty with his knee which required surgery. Following *Donaldson* we held that the appellant's injury did not become a compensable one until he suffered a loss of earnings in September 1979 and that the two year Statute of Limitations did not commence running until that date. The clear holding in *Donaldson* and in *Shepherd* is that the Statute of Limitations provided in § 81-1318 (a) does not begin to run until the true extent of the injury manifests *and* causes an incapacity to earn the wages which the employee was receiving at the time of the accident, which

wage loss continued long enough to entitle him to benefits under § 81-1310.

In the case at bar the appellee, due to his August 25 injury, was incapacitated to earn the wages he was receiving at the time of his accident. This continued for a long enough period to entitle him to benefits under § 81-1310 (2 weeks). The fact that he was paid full wages during this period does not compel a different conclusion. Disability which is compensable under our statute is based upon *incapacity to earn* because of injury. The payment of full wages during a compensable disability does not negate the incapacity to earn but may, in proper circumstances, dispense with the requirement that compensation benefits be paid under § 81-1319 (m) (Repl. 1976).

We conclude that this appellee sustained a compensable injury within the meaning of Ark. Stat. Ann. § 81-1318 on August 25, 1977 and that the Administrative Law Judge and Commission erred in holding to the contrary. The Statute of Limitations began running at that time.

The fact that the initial injury was a compensable one within the meaning of the Act does not necessarily mean that the Statute of Limitations bars the claim at the end of two years from that date. Where the full extent and nature of the injury are not known, nor reasonably ought to be known, until a later date, the running of the Statute of Limitations may be postponed under the "latent injury rule" in *Woodard.*

In *Woodard* the worker sustained a compensable injury for which he was paid benefits under the Act. The full extent of the injury, however, did not become known until the period of limitations had run from the date of the injury and the date of the last payment of compensation. There this court in allowing the claim applied the rule that the claimant is not required under this Statute of Limitations to file his claim until the substantial character of the injury becomes known or until the employee knows or should reasonably be expected to be aware of the full extent or nature of his injury. In the earlier cases of *T. J. Moss Tie &*

*Timber Co.* v. *Martin,* 220 Ark. 265, 247 S.W.2d 198 (1952) and *Sanderson & Porter* v. *Crow,* 214 Ark. 416, 216 S.W.2d 796 (1949) this latent injury exception had been recognized and applied. It was recognized most recently by the Supreme Court in *Cornish Welding Shop* v. *Galbraith,* 278 Ark. 185, 644 S.W.2d 926 (1983) where the court found the rule to be inapplicable to the facts.

If, as appellant suggests, the Administrative Law Judge and Commission relied on *Woodard,* we must agree with the appellant that this was erroneous for an entirely different reason. In *Woodard* the court held that the claim was not barred by the Statute of Limitations where it was not proved that the appellant knew or should have known the nature and extent of his injury more than two years prior to filing his claim. In *Cornish Welding Shop* v. *Galbraith, supra,* however, the Supreme Court held that the claim was barred where the evidence disclosed that the substantial nature of the injury was known more than two years before the filing of the claim. It is clear from these cases that if the employer can show to the satisfaction of the Commission that the appellee knew the substantial nature of the injury or that he should reasonably be expected to have been aware of the extent and nature of his injury for more than two years his claim would be barred.

It is also clear from the statements of counsel in the record and the contentions of the parties as recited by the Administrative Law Judge that the case was submitted on an agreement that it would be determined on a finding as to whether the Statute of Limitations was tolled by the payment of Dr. Carter's medical expenses within the two years preceding the date of filing the claim. Whether the statute was tolled because of the latent nature of the injury and appellee's lack of awareness of the extent and nature of it was not an issue and was not developed at the hearing. With the clear statement of counsel that the issue to be presented was whether the Statute of Limitations had been tolled by the payment of compensation within the statutory period, the decision by the Administrative Law Judge based upon a finding of fact on an issue not submitted or developed by either party effectively denied the employer the right to be

heard on that issue. It is also clear from the record that the decision of the employer not to introduce evidence of medical witnesses allegedly treating appellee during the period in question was based on the stipulation to narrow the issues to those recited by the Administrative Law Judge in his opinion. When the diagnosis was made or became apparent or when the appellee knew or ought to have known the extent of his injury was not developed or submitted for determination.

Had the issue of latent injury been fully developed by the parties despite the stipulations narrowing the issues a different question would be presented. However, this record discloses that it was not. We fully recognize that the function of the Commission is to conduct a fair and impartial hearing in a manner that will best ascertain the rights of the parties and that pleading and practice before the Commission is less formal and not governed by the stricter rules of procedure applicable to courts. Ark. Stat. Ann. § 81 -1327 (Supp. 1983). Subject to its own rules the Commission is given great latitude in this area. We do not mean to imply otherwise but we hold only that the Commission erred under the circumstances of this case when it based its decision on a finding of fact which was clearly not in issue or developed by the evidence without notice to the parties of its intent to do so and no opportunity to offer proof on that issue was afforded. *Glavin* v. *Michigan State Hwy. Dept.,* 269 Mich. 672, 257 N.W. 753 (1934); 100 CJS Workers' Compensation § 648, p. 959.

Reversed and remanded.

COOPER and GLAZE, JJ., agree.