CALION LUMBER COMPANY
and AMERICAN MUTUAL INSURANCE COMPANY,
Respondent No. 1 *v.* Benjamin B. GOFF
and ARGONAUT INSURANCE COMPANY,
Respondent No. 2

CA 84-292                                           684 S.W.2d 272

Court of Appeals of Arkansas
Division II
Opinion delivered February 20, 1985

*Penix, Penix, Mixon & Lusby,* for appellant.

*Law Offices of Ronald L. Griggs,* for appellee Goff.

*Shackleford, Shackleford & Phillips, P.A.*, for appellee
Argonaut Ins. Co.

GEORGE K. CRACRAFT, Chief Judge. Benjamin B. Goff
filed a claim against Calion Lumber Company alleging that
he had sustained an injury to his back while in the course of
his employment on June 16, 1980. On that date the workers'
compensation insurance coverage was provided by Ameri-
can Mutual Insurance Company. The claimant did not
notify his employer and did not miss any work as a result of
his back injury until September 1981 when he ceased his
employment. At that time the workers' compensation
insurance coverage for Calion was provided by Argonaut
Insurance Company. American Mutual contended that the
injury was not sustained until September 1981 and any
disability resulting from it was the responsibility of
Argonaut. It further contended that the claimant was barred
from any benefits for failure to give notice of injury
as required by Ark. Stat. Ann. § 81-1317 (Supp. 1983).
Argonaut contended that Goff did not sustain any injury
during the period of its coverage. The Commission found
that Goff had sustained a back injury on June 16, 1980, that
his failure to give notice of the June 1980 injury was not a bar
to his claim, that there had been no subsequent compensable
aggravation of it attributable to his employment, and
imposed liability for all benefits on American Mutual. This
appeal follows.

On review of workers' compensation cases the evidence
is viewed in the light most favorable to the findings of the
Commission and given its strongest probative value in favor
of the Commission's order. The issue is not whether a
different result might have been reached but whether the
evidence would support a contrary finding. The extent of
our inquiry is to determine if the finding of the Commission
is supported by substantial evidence. Even where a pre-
ponderance of the evidence might indicate a contrary result,
we will affirm if reasonable minds could reach the Commis-
sion's conclusion. *Bankston* v. *Prime West Corp.*, 271 Ark.
727, 610 S.W.2d 586 (Ark. App. 1981); *Clark* v. *Peabody
Testing Service*, 265 Ark. 489, 579 S.W.2d 360 (1979).

**ERRATA**

*14 ARKANSAS APPELLATE REPORTS at page 20*

Detach at perforation, moisten the back, and paste over the ninth line up from the bottom of page 20 of *Calion Lumber Co. v. Goff:*

 different  result  might  have  been  reached  or  whether  the

Goff testified that in June 1980 while lifting a board he felt his back "lock up" and suffered a severe pain as a result of it. He finished his work that day before consulting a doctor. He stated that he could have missed as much as one-half day's work on account of it. He stated that he continued to work whether "sick or well, hurt or not" until forced to terminate his employment in September 1981. Goff stated that although he was aware of the procedure for reporting injuries he had not reported the incident because he considered it to be a minor strain and lost no time as a result of it. Although the pain would come and go he was able to do the heavy work required of his employment. His back condition progressively worsened from June 1980 until September 1981 when he was forced to terminate his employment. He stated that he stopped work because, "I got to where I couldn't work. There was not an event that happened in September 1981 or just before that. I did not pick up another piece of board any time during that time and reinjure my back and I have never felt another sharp pain in my back like the one I felt in June of 1980. My back just kept on getting worse."

The appellee first contends that the Commission erred in not holding that Goff's claim was barred under Ark. Stat. Ann. § 81-1317 (Supp. 1983) which provides as follows:

(a) Notice of injury or death for which compensation is payable shall be given within sixty (60) days after the date of such injury or death to the employer, or written notice to the Commission which shall notify the employer immediately.

Ark. Stat. Ann. § 81-1317(b) provides that failure to give the notice shall not be a bar to the claim 1) if the employer had knowledge of the injury, 2) if the employee had no knowledge that his condition arose out of his employment, or 3) if the Commission excuses such failure on the ground that for some satisfactory reason such notice could not be given. On the notice issue the Commission made the following finding:

We specifically find that there was a satisfactory reason

for claimant's failure to timely report the injury in that claimant thought he had suffered a relatively minor injury and as the disabling consequences of the injury developed over a prolonged period of time.

Arkansas is an "injury state" in that the date of an "accident" and the date of an "injury" in the compensation sense are not necessarily the same. "Injury" means the state of facts which first entitled a claimant to compensation and a claimant may suffer an injury, the consequences of which are latent at that time. *Cornish Welding Shop* v. *Galbraith,* 278 Ark. 185, 664 S.W.2d 927 (1983). The term "injury" means "compensable injury" and the injury does not become compensable until the claimant first learns the extent of his injuries *and* is off work for a period that would entitle him to benefits for a compensable injury. *Woodard* v. *ITT Higbie Mfg. Co.,* 271 Ark. 498, 609 S.W.2d 115 (Ark. App. 1980); *Arkansas Louisiana Gas Co.* v. *Grooms,* 10 Ark. App. 92, 661 S.W.2d 433 (1983). Ark. Stat. Ann. § 81-1317(a) requires notice "of injury . . . *for which compensation is payable.*" Ark. Stat. Ann. § 81-1310(a) (Supp. 1983) provides that an obligation to pay compensation commences on the ninth day of the disability. Here the evidence shows that the claimant lost no time or capacity to earn wages. His symptoms developed gradually and did not debilitate him until September 1981. The injury was therefore not one for which compensation was payable. In *T. J. Moss Tie and Timber Co.,* v. *Martin,* 220 Ark. 265, 247 S.W.2d 198 (1952) the Court stated that it would not construe a statute in a way that would "require a claimant to file a claim for disability which did not exist." Certainly this also holds true for a requirement to give notice of injury.

Appellant next contends that the Commission erred in not finding that the claimant sustained a second injury or aggravated a preexisting one while coverage was with a different carrier. We do not agree. In *Burks, Inc.* v. *Blanchard,* 259 Ark. 76, 531 S.W.2d 465 (1976) and *Bearden Lumber Co.* v. *Bond,* 7 Ark. App. 65, 644 S.W.2d 321 (1983) our courts held that all of the logical consequences flowing from an initial injury are the responsibility of the employer and carrier at the time of the initial incident. Where the

second complication is a natural and probable result of the first injury it is deemed a recurrence and the employer remains liable. Only where it is found that a second episode has resulted from an independent intervening cause is liability imposed upon the second carrier. The appellee testified that he had remained symptomatic from his first injury "off and on" until he was forced to quit his job. He specifically denied any second or intervening incident. There was no evidence to the contrary. The medical testimony did not address the issue of causation.

When the evidence is viewed in the light most favorable to the Commission's findings we cannot conclude that reasonable minds could not have reached the same conclusion.

Affirmed.

COOPER and MAYFIELD, JJ., agree.