Donald MONTGOMERY *v.* DELTA AIRLINES

CA 89-292                                   791 S.W.2d 716

Court of Appeals of Arkansas
Division II
Opinion delivered June 27, 1990

*Whetstone and Whetstone*, by: *Gary Davis*, for appellant.

*Anderson & Kilpatrick*, by: *Randy P. Murphy*, for appellee.

MELVIN MAYFIELD, Judge. The issue in this appeal from a decision of the Workers' Compensation Commission is the amount of the weekly benefits the employee is entitled to as a result of his permanent total disability. The resolution of this issue involves the distinction between the terms "time of injury" and "time of accident."

Appellant Donald Montgomery suffered a compensable back injury on May 8, 1979. He received medical treatment, returned to his regular job and continued to work until he became totally disabled on March 1, 1983. In an opinion issued on April 8, 1987, the appellant was found by the administrative law judge to have become permanently totally disabled on March 1, 1983, and

to be entitled to weekly benefits at a rate of $112.00. Appellant then requested a modification to $154.00 per week based on the maximum allowable at the time he became unable to work. On August 16, 1988, the administrative law judge issued an order which stated:

> It is clear, based upon the evidence in this record, that the claimant in the present claim suffered a disability on March 1, 1983, as a result of his accidental injury of May 8, 1979. On March 1, 1983, the maximum weekly benefits payable to the claimant was $154.00. The language of the provisions of the Arkansas Workers' Compensation Act addressing the questions of the average weekly wage, disability, and injury is not ambiguous.
>
> The Opinion and Award previously filed in this claim on April 8, 1987, is herein modified pursuant to Section 26 of the Arkansas Workers' Compensation Act to reflect that the correct and proper weekly compensation benefits payable to the claimant is $154.00, in accordance with Section 10(a)(B) of the Workers' Compensation Act.

On appeal, the Commission reversed (with one Commissioner dissenting), stating that although "an unambiguous statute is to be enforced literally, we find that the statutory scheme as a whole is ambiguous." After discussing the proposition of making distinctions between the date of an "accident" and the date of an "injury," the Commission stated:

> We are persuaded that the general rule of prospective application requires us to compute the benefits as of the date of the accident. If we accepted the argument that the disability date governs because the payments are intended to replace lost wages, there would be problems not only with premium calculations but also with claimants who leave their employment between the two dates. If a worker obtains a better paying job and then becomes disabled as a result of the compensable injury, he might contend that the first employer is required to pay benefits based upon the second company's higher wage rate. On the other hand, respondents might argue that a claimant who becomes

unemployed and is not earning wages at the time of his physical incapacitation is not entitled to any benefits at all since there are not wages to replace. Surely, the legislature did not intend any of these untoward results.

The present Workers' Compensation Law comes from Initiated Act No. 4, adopted at the General Election in November of 1948, and from the amendments to that Act. Section 12 of that Act was compiled as Ark. Stat. Ann. § 81-1312 (Repl. 1976) [now Ark. Code Ann. § 11-9-518 (1987)], and provides in pertinent part:

> Compensation shall be computed on the average weekly wage earned by the employee under the contract of hire in force at the time of the accident, and in no case shall be computed on less than a full time work week in the employment.

Section 10 of Initiated Act No. 4, compiled as Ark. Stat. Ann. § 81-1310(a) (Supp. 1985) [now Ark. Code Ann. § 11-9-501 (1987)], provides (as amended by Act 290 of 1981) in pertinent part:

> (a) Disability. Compensation to the injured employee shall not be allowed for the first seven (7) days disability resulting from injury, excluding the day of injury. If a disability extends beyond that period, compensation shall commence with the ninth (9th) day of disability. If a disability extends for a period of two (2) weeks, compensation shall be allowed beginning the first day of disability, excluding the day of injury.

> Compensation payable to an injured employee for disability shall not exceed sixty-six and two-thirds percent (66 ⅔%) of the employee's average weekly wage, with a Fifteen Dollar ($15) per week minimum, subject to the following maximum:

> (A) . . . .

> (B) For a disability occurring on or after March 1, 1982, the maximum weekly benefits payable shall be One Hundred Fifty-Four Dollars ($154).

We note that Subsection (B) of Ark. Stat. Ann. § 81-1310(a) has undergone numerous amendments. Apparently, the weekly benefits of $112.00, as first allowed by the law judge, were based on a rate fixed by a 1979 amendment. *See* Ark. Stat. Ann. § 81-1310(a)(B)(Supp. 1979).

Our case law has made a distinction between the date of "accident" and the date of "injury." *See Donaldson* v. *Calvert-McBride Printing Company*, 217 Ark. 625, 232 S.W.2d 651 (1950), in which the court was considering a question of when the statute of limitations began to run. It reasoned as follows:

> [A]ppellees, in effect, argue that "time of the injury" as provided in the act is synonymous with "time of accident." We think there is a clear distinction between an accident and an injury. The injury is the result of the accident. An accident often, at the time of its happening, produces a compensable injury, but this is not always true.

217 Ark. at 629-30. Furthermore, there is a statutory distinction between an injury and a disability. Ark. Stat. Ann. § 81-1302 (Repl. 1976) [now codified as Ark. Code Ann. § 11-9-102 (1987)] provides the following definitions:

> (d) "Injury" means only accidental injury arising out of and in the course of employment, including occupational diseases . . . .

> (e) "Disability" means incapacity because of injury to earn, in the same or any other employment, the wages which the employee was receiving at the time of the injury.

> (f) . . . .

> (g) . . . .

> (h) "Wages" means the money rate at which the service rendered is recompensed under the contract of hire in force at the time of the accident, . . . .

And, in *Cornish Welding Shop* v. *Galbraith*, 278 Ark. 185, 187, 644 S.W.2d 926 (1983), the Arkansas Supreme Court said, "Arkansas is an 'injury state' because we have long interpreted the applicable statutes as meaning that the date of accident and the date of injury are not necessarily the same."

The case of *Donaldson* v. *Calvert-McBride Printing Company*, *supra*, held that time of injury means a compensable injury, and that an injury does not become compensable until the employee suffers a loss in earnings. This court, followed the rule of *Donaldson* in *Shepherd* v. *Easterling Construction Company*, 7 Ark. App. 192, 646 S.W.2d 37 (1983), in *Arkansas Louisiana Gas Company* v. *Grooms*, 10 Ark. App. 92, 661 S.W.2d 433 (1983), and in *Calion Lumber Co.* v. *Goff*, 14 Ark. App. 18, 684 S.W.2d 272 (1985) (where we also relied upon *Cornish Welding Shop* v. *Galbraith*, *supra*). In *Grooms* we said that "the Statute of Limitations provided in [Ark. Stat. Ann] § 81-1318(a) [now Ark. Code Ann. § 11-9-702] does not begin to run until the true extent of the injury manifests *and* causes an incapacity to earn the wages which the employee was receiving at the time of the accident, which wage loss continued long enough to entitle him to benefits under § 81-1310." 10 Ark. App. at 98-99.

Referring back to Ark. Stat. Ann. § 81-1310(a)(B) (Supp. 1985), we see that it provides, "For a disability occurring on or after March 1, 1982, the maximum weekly benefits payable shall be One Hundred Fifty-Four Dollars ($154)." Therefore, the claimant here is entitled to the maximum weekly benefit rate in effect at the time the disability occurred. This rate, however, is based on the wages being earned on the date of the accident. The record shows that on May 8, 1979, the date of the accident, appellant was earning $500.00 per week. Under Ark. Stat. Ann. § 81-1310(a), the compensation shall not exceed 66⅔% of the employee's average weekly wage, subject to the applicable maximum. Taking the $500.00 average weekly wage, we find that 66⅔% of that average would exceed the $154.00 maximum allowed, so appellant is only entitled to the $154.00 maximum.

When the maximum allowed at the time of the injury (meaning when disability occurs, *see* Ark. Stat. Ann. § 81-1310) is applied to the wages being paid at the time the accident occurs (*see* Ark. Stat. Ann. § 81-1312), the problems noted as persuasive in the Commission's opinion disappear. This is best demonstrated by the following quotation from the dissenting Commissioner's opinion:

The majority has misconstrued claimant's position in this case. Claimant is not arguing that benefits are to be

computed on the basis of the circumstances in existence on the date of the injury. The average weekly wage and the weekly benefit rate are computed and become fixed at the time of the accident. Ark. Code Ann. §§ 11-9-102(8); 11-9-518; 11-9-519(a); 11-9-520. Claimant argues only that he is entitled to the cost of living increase in the maximum weekly benefit rate which was in effect on the date the accident resulted in a compensable injury (disability).

Since the average weekly wage and the weekly benefit rate remained unchanged and unaffected by developments between the date of the accident and the date of the injury, and since insurance premium computations are generally based on the wages paid a claimant for covered employment, *Hart's Exxon Service Station* v. *Prater*, 268 Ark. 961, 597 S.W.2d 130 (Ark. App. 1980), the anticipated problems discussed in the majority opinion simply would not occur.

Nor do we have a problem with retroactive application of the statute. Claimant does not claim to be entitled to the increases in the maximum weekly benefit rate enacted since he became disabled. He merely wants the maximum weekly benefit rate in effect on the date he became disabled.

The decision of the Commission is reversed and the case is remanded for an order to be entered in keeping with this opinion.

Reversed and remanded.

JENNINGS and ROGERS, JJ., agree.