HAYGOOD LIMITED PARTNERSHIP *v.*
Michael L. WHISENANT

CA 00-1253                                                   47 S.W.3d 277

Court of Appeals of Arkansas
Division II
Opinion delivered June 13, 2001

*Baxter, Jensen, Payne & Young*, by: *Terence C. Jensen*, for appellant.

*Hart, Shaw & Freeze, L.L.P.*, by: *Nelson V. Shaw*, for appellee.

WENDELL L. GRIFFEN, Judge. Appellant Haygood Limited Partnership challenges a decision by the Arkansas Workers' Compensation Commission that appellee Michael L. Whisenant's 1993 injury is not barred by the statute of limitations prescribed in Arkansas Code Annotated section 11-9-702 (1987), because he did not suffer a loss in earnings on account of the injury he sustained in 1993. As its sole point on appeal, appellant argues

that the Commission's ruling is erroneous. We affirm the Commission.

*Factual and Procedural History*

On January 8, 1993, Michael L. Whisenant sustained a compensable injury when he fell over the side of a delivery pick-up truck, which was approximately five feet from the ground, while working for appellant. Whisenant notified appellant of the accident, but did not seek treatment until January 11, 1993. He initially saw Dr. David McKay, a family practitioner, and complained of a skinned left elbow, contusions of his low back and left hip, and neck pain. Dr. McKay prescribed medication and directed appellee to return for a follow-up visit. Dr. McKay also referred appellee to Dr. Chris Alkire, an orthopedic surgeon who performed diagnostic studies including x-rays and MRI's of appellee's neck and lower back. Appellee was next examined by Dr. Warren Boop, a neurosurgeon. Appellee admitted that when he saw Dr. Boop, he relayed complaints of pain that increased when he rode in his truck or with any significant physical activity. However, he denied that he had any right hip pain following the injury. Throughout appellee's medical treatment, he did not lose time from work relative to his injury. Rather, he continued working for appellant, who paid the cost of the treatment by Drs. McKay, Alkire and Boop, as well as referrals and physical therapy. Appellee testified that he did not remember being placed on any work restrictions, but that he would not disagree with what was indicated in the medical reports. His job consisted of delivering heavy-duty truck parts to customers. The work required a lot of lifting, but appellee testified he was able to continue his duties without limitations after the accident because there were no restrictions.

Appellee worked for appellant until October 1993, when he was laid off due to a reduction in business. He received unemployment benefits for six months, and then began working for Stovall Fabrication and Machine Shop. Appellee's job with Stovall consisted of traveling, however it did not involve lifting.

A May 24, 1993, entry in Dr. Alkire's chart notes shows that he informed appellant that appellee was continuing to work full duty, that he had placed no restrictions on appellee, and that due to appellee's continued symptoms, he was scheduling an appointment in three months. On February 7, 1994, appellee saw Dr. Alkire

regarding his 1993 injury. Dr. Alkire's chart notes reflect that appellee was seen at the request of appellant to obtain a final report. Alkire's notes indicate that appellee had met his maximum medical improvement and pursuant to AMA Guidelines, he assigned appellee an impairment rating of 13% to the body as a whole. The notes indicate that a courtesy copy was forwarded to appellant. Appellant paid the cost of the February 7, 1994, visit, but did not pay any disability benefits associated with the impairment rating. Appellee testified that Dr. Alkire did not tell him that he had a disability from his back or neck and that he was not informed that he had a disability rating. He stated that he first became aware of the rating when he read Dr. Alkire's February 7, 1994 report.

Appellee continued working for Stovall for approximately two years. He testified that during this time, he did not seek or obtain medical treatment relative to his neck, back, or hip. Appellee testified that he did not experience pain in his neck, back or hip until late 1998 when he began to experience problems in both hips, problems with stooping, bending over, popping in the joint area of the hip and pelvis and a lot of pain on the right side. After he began experiencing pain, appellee telephoned appellant, who referred him to the Commission. Appellee testified that the reason he contacted appellant was because he had not had any injuries other than the January 8, 1993 incident.

On April 22, 1999, appellee sought treatment from Dr. Joseph Greenspan, who provided physical therapy, injections into his SI joint, and furnished appellee with a SI belt. Dr. Greenspan also recommended a discogram. Appellee sought compensation, alleging that his injury, which occurred prior to the enactment of Act 796 of 1993, was a latent condition. Appellant responded that appellee's condition was not latent and that his claim was barred by the statute of limitations. Following a hearing, the ALJ found that appellee sustained an injury on January 8, 1993, arising out of and in the course of his employment and held that appellee's claim was not barred by the two-year limitation period because he experienced no loss of wages from it. After a *de novo* review, the Commission affirmed and adopted the ALJ's findings and conclusions of law. This appeal follows.

## Standard of Review

■ Decisions by the Commission are affirmed when we determine that the decision is supported by substantial evidence, *i.e.*, that reasonable minds could have reached the same conclusion. *See Minnesota Mining & Mfg. v. Baker*, 337 Ark. 94, 989 S.W.2d 151 (1999). The key factor is not whether we would have reached a different outcome or whether the proof supports a conflicting result. *See id.* Instead, if reasonable minds could have reached the same conclusion as the Commission, we will affirm. *See id.*

## Analysis

Arkansas Code Annotated section 11-9-702 (1987) mandates that "a claim for compensation for disability on account of an injury other than an occupational disease and occupational infection shall be barred unless filed within two (2) years from the date of injury." Appellee's fall occurred January 8, 1993. He now seeks medical treatment provided by Dr. Greenspan on April 22, 1999, more than six years after the fall. Appellant asserts that because appellee suffered an injury and was placed on a "no lifting" work restriction by his physician, appellee suffered a compensable injury that was barred by statute of limitations. We see no reason to accept appellant's novel and narrow position.

On the date of appellee's fall, the statute of limitations for workers' compensation claims commenced at the time of the injury rather than the time of the accident. *See Calion Lumber Co. v. Goff*, 14 Ark. App. 18, 684 S.W.2d 272 (1985). At the time of appellee's injury, Arkansas was and still is a "compensable-injury state," meaning an injury becomes compensable when 1) the claimant learns the extent of his injuries and 2) the claimant is off work for a period of time that entitles him to benefits for a compensable injury. *See Calion, supra.*

■ In *Donaldson v. Calvert McBride Ptg. Co.*, 217 Ark. 625, 232 S.W.2d 651 (1950), our supreme court held that the terms "time of injury" and "time of accident" are not synonymous. It observed that while an injury may result from an accident, an accident may or may not result in an injury. The court noted that our statutory law defines disability as stemming from an employee's inability to earn the same or similar wages that the employee was earning at the time of the injury. *See id.* In *Donaldson, supra*, the parties stipulated that

the claimant sustained an accidental injury in March 1947 that resulted in him being off work, without compensation, for one week. However, the court reasoned that claimant's injury did not become compensable in March 1947 because his loss of ability to earn wages did not continue for the period required to qualify for benefits. The court held that the claimant's injury was not compensable until October 1948 when he actually suffered a loss in earning capacity due to the injury that continued for the requisite period. It also noted that the employer's medical payment was not a payment of compensation that would render the injury compensable. *See id.*

This court reached a similar result in *Calion, supra,* when the claimant sustained a back injury in 1980 and did not notify his employer or miss any work because of his injury until 1981. We noted that because appellant's condition gradually worsened and did not cause him to lose time or a capacity to earn wages until 1981, the injury was not compensable until 1981. *See id.*

■ While we have consistently recognized that the statute-of-limitations period does not begin until the extent of the injury manifests itself *and* the injury causes a loss of wages, *Arkansas Louisiana Gas Co. v. Grooms,* 10 Ark. App. 92, 661 S.W.2d 433 (1983), presented our court with an opportunity to interpret what constitutes an incapacity to earn because of an injury. In *Grooms, supra,* the claimant hurt his back in 1977, was treated with a cortisone shot, and returned to work after two weeks. While Grooms was off work, his employer paid him full wages and paid the medical bill. Over the next three years, Grooms missed work but was paid full wages until his back condition forced him to completely stop work in June 1980. He subsequently filed a workers' compensation claim, which was granted by the Commission. The employer appealed, contending that the statute of limitations barred the claim. We reversed the Commission, holding that Grooms suffered a compensable injury because he was incapacitated to earn the wages he received at the time of the incident. We reasoned that the "payment of full wages during a compensable disability does not negate the incapacity to earn." *See Grooms,* 10 Ark. App. at 100, 661 S.W.2d 433 at 438.

■ Documentary medical evidence supports the Commission finding that appellee's initial complaint was of contusions to his low back and left hip, and that he received physical therapy and medication for treatment of his low back and hip complaints from January

8, 1993, to August 1993. Thus, the Commission correctly concluded the first element to commence the statute of limitations was satisfied.

Appellant relies on *Grooms, supra,* as support for its argument that because the treating physician's notes indicate that appellee was given work restrictions, appellee suffered an incapacity to earn wages. Thus, appellant argues that the second prong of the requirements to begin the statute of limitations was met. However, appellant's reliance on *Grooms* is misplaced because the circumstances presented in *Grooms* are clearly distinguishable from the case at bar. Appellee presented uncontroverted testimony that he did not miss work as a result of the 1993 accident. His testimony was supported by notes from three physicians. First, Dr. McKay, who initially saw appellee on January 11, 1993, indicated in his notes that "patient will be able to resume light work on 1-11-93." Next, Dr. Alkire indicated on April 12, 1993, "[patient] says he is still working and hasn't stopped working." Lastly, Dr. Boop, in a letter dated August 20, 1993, indicated "still he is to return to work and has continued to work delivering truck parts and the like."

While the fact that appellee did not miss work would theoretically dispose of appellant's argument that the instant case is factually similar to *Grooms,* appellant argues that *Grooms* is analogous because *the value* of appellee's work diminished through his performance of light duty work. Although appellant's argument is interesting, the record is devoid of any evidence supporting it. First, the only evidence presented at the hearing regarding appellant's alleged work restrictions concerned physician notes from Dr. McKay, which indicated that Dr. McKay placed work restrictions upon appellee of no lifting. However, appellee testified at the hearing that he continued to perform his normal job, with no restrictions until he was laid off in October. Appellant's testimony was buttressed by physician notes. The first note, from Dr. Alkire, dated April 29, 1993, states "the patient tells me he is *still able* to do his normal job." Another note from Dr. Alkire, dated May 20, 1993, states "He has been doing his normal job *still.*" Additionally, a note from Dr. Boop, dated August 20, 1993, states "Overall though his pain has continued and he has not improved much. Still he is to return to work and *has continued to work delivering truck parts* and the like." Second, the record contains no evidence that appellant provided appellee with light duty work, or that the work appellee performed was of such diminished value as to render him incapable of earning wages.

■ In sum, the law in force when appellee suffered his January 8, 1993, work accident clearly required incapacity to earn wages in order for a worker to be found to have sustained an injury that triggers the statute of limitations for purposes of workers' compensation benefit analysis. The record contains substantial evidence that appellee suffered no incapacity to earn wages during the six years between the accident and his April 22, 1999, examination by Dr. Greenspan. Therefore, we affirm the Commission's decision that appellee's claim for additional medical benefits is not barred by the statute of limitations.

Affirmed.

VAUGHT, J., agrees.

ROAF, J., concurs.

ANDREE LAYTON ROAF, Judge, concurring. I concur in affirming the case. However, I write to clarify that, while pre-Act 796 Workers' Compensation law compels the result reached, the statutory loophole that existed with respect to statute of limitations issues under the prior law has now been closed.

I agree that Ark. Code Ann. § 11-9-702 (1987), at the time of this appellant's 1993 injury, mandated only that "a claim for compensation for *disability* on account of an injury... shall be barred unless filed within two (2) years...," and that there was no other relevant statute of limitations provision applicable to this claim. However, this appeal involves a claim for medical benefits, not disability. Section 702(b)(1) now provides that, where "any compensation, including disability *or medical*, has been paid on account of an injury," a claim for additional compensation must be filed within the greater of either one year from the last payment of compensation or two years from the date of injury. Clearly, appellant's claim falls outside both of these periods because he last received medical benefits payments in 1994 and did not file a further claim until 1999.

Moreover, although it is accurate to state, as does the majority, that Arkansas is still a "compensable injury state," the definition of when an injury becomes compensable has changed dramatically, and is no longer the definition provided in *Calion Lumber Co. v. Goff*, 14 Ark. App. 18, 682 S.W.2d 272 (1985). Instead, Ark. Code Ann. § 11-9-102(4)(A)(i)(Supp. 1999) now defines "compensable

injury" in relevant part as, "an accidental injury ... arising out of and in the course of employment ... which requires *medical services* or results in disability or death." Thus, the receipt of any medical services is now the benchmark for a compensable injury rather than time missed from work.