CORNISH WELDING SHOP and TRADERS
INSURANCE COMPANY *v.* George GALBRAITH,
Employee

82-236                                     644 S.W.2d 926

Supreme Court of Arkansas
Opinion delivered January 17, 1983
[Rehearing denied February 21, 1983.*]

*ADKISSON, C.J., would grant rehearing.

*Brown, Compton & Prewett, Ltd.,* by: *Floyd M. Thomas, Jr.,* for appellant.

*Denver L. Thornton,* for appellee.

ROBERT H. DUDLEY, Justice. Respondent, George Galbraith, was injured on August 1, 1971 when a piece of steel lodged in his left eye. That same day he sought medical treatment. He was unable to work for a period of five weeks and was paid temporary total disability benefits pursuant to our Workers' Compensation Act. On October 2, 1971, the object was surgically removed. His ophthalmologist's report stated "it is possible that this lens opacity may mature later on and the patient would have occupational vision lost left eye." On May 1, 1972, respondent was paid a lump sum for forty percent permanent partial disability to the left eye. Almost two years later, in February, 1974, respondent suffered the complete loss of sight in the left eye. On February 5, 1975, almost three years after payment of compensation for the permanent partial disability, respondent filed a claim for compensation for complete loss of the eye. The Court of Appeals, in an unpublished opinion, found the injury was compensable and remanded the case to the Workers' Compensation Commission for consideration of the issues of a latent injury and the statute of limitations. *Galbraith* v. *Cornish Welding Shop et al,* September 30, 1980. Upon remand the Workers' Compensation Commission found the claim was filed within the period of limitations and awarded respondent additional benefits for the complete loss of sight in the eye. The Court of Appeals then affirmed the commission. *Cornish Welding Shop et al* v. *Galbraith,* 6 Ark. App. 115, 639 S.W.2d 68 (1982). We granted certiorari pursuant to Rule 29 (1) (c) to determine whether there was error in interpreting the applicable statutes. We reverse the Court of Appeals and dismiss the claim because it is filed outside the period for additional compensation.

The statute of limitations at issue is as follows:

Additional Compensation. In cases where compensation for disability has been paid on account of injury, a claim for additional compensation shall be barred

unless filed with the Commission within one [1] year from the date of the last payment of compensation, or two [2] years from the date of the injury, whichever is greater. . . .

Ark. Stat. Ann. § 81-1318 (b) (Repl. 1976).

It is uncontradicted that the claim was not filed within one year from the date of the last payment of compensation. However, both the Workers' Compensation Commission and the Court of Appeals held that the claim was brought within two years from the date of the injury.

Arkansas is an "injury state" because we have long interpreted the applicable statutes as meaning that the date of accident and the date of injury are not necessarily the same. Ark. Stat. Ann. § 81-1302 (d), (n) (Repl. 1976); *Donaldson* v. *Calvert-McBride Printing Company,* 217 Ark. 625, 232 S.W.2d 651 (1950). Injury means the state of facts which first entitled the claimant to compensation, so that if the injury does not develop until some time after the accident, the cause of action does not arise until the injury develops or becomes apparent. It was upon the concept of a latent injury that the Court of Appeals and the Workers' Compensation Commission found the claim was filed within two years from the date of the injury. However, there was no latent injury. The respondent knew he was injured on the date of the accident, August 1, 1971. In May, 1972, his ophthalmologist's report stated that there was a permanent partial disability to the eye and that he might lose occupational vision of the eye. An operation was performed on the injured eye. He filed a claim for benefits and was compensated for a permanent partial disability. The injury was patent, at the latest, by May 1972, when the ophthalmologist made his report. From that time forward it was not a latent injury. In *Sanderson & Porter* v. *Crow,* 214 Ark. 416, 216 S.W.2d 796 (1949), we said: "[W]hen the substantial character of the injury becomes known, then the claimant must file his claim within a specified period of time, or be barred thereafter by the statute of limitations." Likewise, this claim for additional compensation in this

case is barred because the two year statutory period of limitation from the date of the injury expired long before the February, 1975, filing of this claim.

Reversed and dismissed.