HALL'S CLEANERS, et al. *v.* Gwendolyn WORTHAM

CA 91-336                                          829 S.W.2d 424

Court of Appeals of Arkansas
Division I
Opinion delivered April 29, 1992

*Bailey, Trimble, Capps, Lowe, Sellars, & Thomas*, by: *Chester C. Lowe, Jr.*, for appellant.

*Lee A. Biggs III*, for appellee.

JUDITH ROGERS, Judge. Appellants, appellee's employer and its insurance carrier, appeal from a decision of the Arkansas Workers' Compensation Commission in which appellee was awarded medical expenses, temporary total benefits and permanent partial benefits of twenty-five percent to the left hand. The only issue before the Commission and before this court on appeal is the appellants' contention that appellee's claim for benefits was barred by the two-year statute of limitations found in Ark. Code

Ann. § 11-9-702(a)(1) (1987). We agree with the Commission that appellee's claim was timely, and affirm

There is no dispute that appellee, Gwendolyn Wortham, sustained a gradual onset injury in the form of a swan neck deformity of her left thumb as a result of operating a pressing machine over the course of twelve years while in the employ of appellant, Hall's Cleaners. In September of 1987, appellee began working at the front counter of the business due to her complaints of pain associated with the condition. Prior to that time, she had sought and personally paid for treatment from her family physician, Dr. Jim C. Citty, who occasionally prescribed mild anti-inflammatory drugs to relieve her symptoms. After her move to the front counter, she continued, however, to work periodically at a pressing machine in the absence of a regularly assigned operator. On August 31, 1989, appellee underwent surgery to correct the swan neck deformity. She was released to return to work on October 9, 1989, and she filed a claim for benefits with the Commission three days later. In a report dated October 29, 1989, Dr. Citty related that, although he had been treating appellee for this problem for roughly five years, "[s]he had continued to work through the present year at which time her disability has progressed to a point where surgical intervention became medially necessary."

Based on this stipulated record, the Commission determined that, even though appellee had known of her condition for a period of years, the condition did not cause an incapacity to earn wages until August 21, 1989, the day of her surgery. The Commission then concluded that her claim for benefits filed in October of 1989 for an injury occurring the previous August was well within the limitations period. It is from this decision that appellants bring this appeal.

The issue then in this case is whether there is substantial evidence to support the Commission's decision that appellee's claim for benefits was not barred by the statute of limitations. On appeal, we must review the evidence in the light most favorable to the Commission's decision and uphold that decision if it is supported by substantial evidence. See St. John v. Arkansas Lime Co., 8 Ark. App. 278, 651 S.W.2d 104 (1983).

The statute under consideration is Ark. Code Ann. § 11-9-

702(a)(1) (1987), which provides in part as follows:

> A claim for compensation for disability on account of injury, other than an occupational disease and occupational infection, shall be barred unless filed with the commission within two (2) years from the date of the injury.

In determining that appellee's claim was timely, the Commission relied on the supreme court's decision in *Donaldson* v. *Calvert-McBride Printing Co.*, 217 Ark. 625, 232 S.W.2d 651 (1950), and our decision in *Shepherd* v. *Easterling Construction Co.*, 7 Ark. App. 192, 646 S.W.2d 37 (1983). We agree with the Commission that these cases are controlling here.

■ Citing *Donaldson* v. *Calvert-McBride Printing Co.*, *supra*, the supreme court in *Cornish Welding Shop* v. *Galbraith*, 278 Ark. 185, 644 S.W.2d 926 (1983), again observed that Arkansas is an "injury state," as we recognize that the date of the accident and the date of the injury are not necessarily the same. With this principle in mind, the *Donaldson* court had held that the time of the injury means a compensable injury, and that an injury does not become compensable until the claimant suffers a loss in earnings. We applied this rule in *Shepherd* v. *Easterling Construction Co.*, *supra*, in holding a claim was not barred by the statute of limitations. Later, we explained in *Arkansas Louisiana Gas Co.* v. *Grooms*, 10 Ark. App. 92, 661 S.W.2d 433 (1983), that the "clear holding in *Donaldson* and *Shepherd* is that the Statute of Limitations provided in § 81-1318(a) [now codified as Ark. Code Ann. § 11-9-702(a)(1)] does not begin to run until the true extent of the injury manifests *and* causes an incapacity to earn the wages which the employee was receiving at the time of the accident, which wage loss continued long enough to entitle him to benefits under § 81-1310 [now codified under Ark. Code Ann. § 11-9-501]." (Emphasis in original.) As applied to the facts of this case, while appellee may have known of her swan neck deformity, the condition did not cause her to miss work or suffer a loss in earnings until the time surgical intervention became necessary. We hold that it was then that the injury became compensable and began the running of the statute of limitations.

Appellants argue that the Commission erred in not finding that appellee's claim was barred since it found that she knew of

her malady several years before filing a claim. In support of this position, appellants rely on the cases of *Cornish Welding* v. *Galbraith, supra*; *McDonald Equipment Co.* v. *Turner*, 26 Ark. App. 264, 766 S.W.2d 936 (1989); *Arkansas Louisiana Gas Co.* v. *Grooms, supra*; and *St. John* v. *Arkansas Lime Co., supra*, for the proposition that once the substantial character of the injury becomes known a claimant must file a claim for benefits within the specified period of time or else be barred by the statute of limitations. Appellant's reliance on these decisions and that proposition is misplaced under the facts of this case.

■ Generally stated, under consideration in those cases was the applicability of the "latent injury" exception, and of significance here, those decisions involved claims for benefits following previous periods of disability where the claimants had initially suffered an incapacity to earn wages. By contrast, in both *Donaldson* and *Shepherd*, the claimants had each sustained some form of injury, but the injuries did not presently result in an incapacity to earn wages. In *Grooms, supra*, we noted that *Donaldson* and *Woodard* v. *ITT Higbie Mfg. Co.*, 271 Ark. 498, 609 S.W.2d 115 (Ark. App. 1980), a latent injury case, differed in both their facts and the principles applied. We further made the distinction that *Donaldson* deals with the question of when an injury becomes compensable, which is the issue in the case at bar, while the latent injury exception is concerned with the tolling of limitations once it has begun to run. The argument advanced by appellants is addressed to the latent injury exception and simply has no application here. This case squarely fits into the *Donaldson* and *Shepherd* rule that the statute of limitations commences to run when the true extent of the injury manifests and causes an incapacity to earn wages for the period long enough to qualify a claimant to receive benefits. Appellee's knowledge of her condition is not controlling in this instance since her injury did not become compensable until such time as the injury caused an incapacity to earn wages. The Commission's decision is affirmed.

Affirmed.

COOPER and JENNINGS, JJ., agree.