HALL'S CLEANERS, et al. *v.* Gwendolyn WORTHAM

92-559                                                   842 S.W.2d 7

Supreme Court of Arkansas
Opinion delivered November 16, 1992
[Rehearing denied December 14, 1992.]

*Bailey, Trimble, Capps, Lowe, Sellars & Thomas*, by: *Chester C. Lowe*, for appellants.

*Lee A. Biggs, III*, for appellee.

TOM GLAZE, Justice. The Arkansas Court of Appeals affirmed the Worker's Compensation Commission's affirmance of the administrative law judge's ruling that appellee's claim for initial benefits was filed within the two year statute of limitations mandated by Ark. Code Ann. § 11-9-702(a)(1) (1987). *Hall's Cleaners* v. *Wortham*, 38 Ark. App. 86, 829 S.W.2d 424 (1992). We agree that appellee's claim was timely, and affirm.

The statute of limitations issue was submitted to the Commission on the basis of a stipulated record, which essentially reflected that over a period of twelve years appellee developed a swan neck deformity in her left thumb. The deformity was caused by appellee's continuous operation of a pressing machine while employed by appellant, Hall's Cleaners. Some three years before she filed the claim at issue, appellee experienced pain and sought and paid for treatment from her family physician, Dr. Jim Citty. Dr. Citty informed appellee that appellee's thumb deformity was job-related and irreversible. Appellee reported Dr. Citty's opinion to appellant in September of 1987 and was thereafter removed from the position of press operator and reassigned to a less strenuous position at the front counter. The reassignment did not affect appellee's wages.

Appellee's pain increased, yet Dr. Citty maintained his position that the condition could not be remedied. However, he did recommend that appellee seek a second opinion and directed her to a Dr. Green. Dr. Green, after investigation, told appellee the deformity could be repaired by fusing the joints back together. ·

Relying on this information, appellee left her employ at Hall's Cleaners and consented to the surgery recommended by Dr. Green. The surgery took place on August 31, 1989. Appellee returned to work a little over a month after the operation. Appellee then filed her claim for benefits on October 12, 1989.

The administrative law judge ruled the injury to be a "gradual on-set injury" which did not accrue until August 31, 1989, when appellee first lost time from work, thus, her claim, having been filed on October 12, 1989, was well within the two year statute of limitations. Appellee was awarded temporary total disability from August 31, 1989, through October 9, 1989. She also received a permanent impairment rating of 25% to the left hand.

The Commission, in a 2-1 decision, affirmed, holding that, (1) appellee's injury was not a latent injury and (2) that the substantial character of her injury was known more than two years prior to the filing of her claim but that the claim was not barred by the statute of limitations because her injury did not cause an incapacity to earn wages until August 31,1989, and that the statute did not begin to run until that date. The Court of Appeals affirmed the decision, and we granted review.

■ The issue presented to the Court of Appeals was whether there was substantial evidence to support the Commission's decision that appellee's claim for benefits was not barred by the statute of limitations. On appeal the evidence must be viewed in the light most favorable to the Commission's decision and its decision must be upheld if it is supported by substantial evidence. *St. Michael Hospital* v. *Wright*, 250 Ark. 539, 465 S.W.2d 904 (1971). Thus, before the appellate court may reverse a decision by the Commission, it must be convinced that fair-minded persons with the same facts before them could not have reached the conclusion arrived at by the Commission. *International Paper Co.* v. *Tuberville*, 301 Ark. 22, 786 S.W.2d 830 (1990).

The statute under consideration is Ark. Code Ann. § 11-9-702(a)(1) (1987) which provides:

TIME FOR FILING. (1) A claim for compensation for disability on account of injury, other than a occupational disability and occupational infection, shall be barred unless filed with the commission within two (2) years from the date of the injury.

■ The issue on appeal is when did appellee's condition first rise to the level of an "injury" for purposes of commencing the statute of limitation. The decisions of this Court, and those of the Court of Appeals, consistently proclaim Arkansas to be an "injury state," that is, the statute of limitations begins to run at the time of the injury as opposed to the time of the accident. *Donaldson* v. *Calvert-McBride Printing Co.*, 217 Ark. 625, 232 S.W.2d 651 (1950); *Cornish Welding Shop* v. *Galbraith*, 278 Ark. 185, 644 S.W.2d 926 (1983); *Calion Lumber Co.* v. *Goff*, 14 Ark. App. 18, 684 S.W.2d 272 (1985). However, review of the case law on this subject demonstrates that labelling Arkansas merely as an "injury state" is somewhat misleading.

■ In *Donaldson*, this court held that, for purposes of commencing the statute of limitations under § 11-9-702(a)(1), the word "injury" is to be construed as "compensable injury," and that an injury does not become "compensable" until (1) the injury develops or becomes apparent and (2) claimant suffers a loss in earnings on account of the injury. *Donaldson*, 217 Ark. at 629-631, 232 S.W.2d at 654. Thus, the statute of limitations does not begin to run until both elements of the rule are met. Therefore, Arkansas is technically a "compensable injury" state. (For a review of cases in which our decision in *Donaldson* was applied see, *Shepherd* v. *Easterling Const. Co.*, 7 Ark. App. 192, 195, 646 S.W.2d 37 (1983) and *Arkansas Louisiana Gas Co.* v. *Grooms*, 10 Ark. App. 92, 98-99, 661 S.W.2d 433 (1983)).

The following provision, Ark. Code Ann. § 11-9-501(a) (1987) determines at what point an injured worker first becomes entitled to benefits:

Compensation to the injured employee shall not be allowed for the first seven (7) days disability resulting from injury, excluding the day of injury. If a disability extends

beyond that period, compensation shall commence with the ninth day of disability. If a disability extends for a period of two (2) weeks, compensation shall be allowed beginning the first day of disability, excluding the day of injury.

▪ Although appellee's injury had been apparent for some three years, it is undisputed that she was never absent from the job until she reported to the hospital for reconstructive surgery on August 31, 1989. Thus, it was not until that time, when she missed a month of work, that she became entitled to benefits under the Workers' Compensation Law. Therefore, we hold that it was not until she underwent surgery that the limitations period of Ark. Code Ann. § 11-9-702(a)(1) commenced to run. The Court of Appeals was correct in affirming the Commission's specific finding that appellee's claim was not barred by the statute of limitations.

On appeal, appellants contend that appellee's claim is barred by the statute of limitations and premises this point upon our decision in *Cornish Welding Shop* v. *Galbraith*, 278 Ark. 185, 644 S.W.2d 926 (1983). They argue the statute commenced to run on the date Dr. Citty informed appellee that her deformity was both job related and irreversible. Appellant's reliance on *Cornish Welding Shops* is misplaced and the distinction between *Cornish Welding Shops* and the case at bar is rudimentary.

It is clear that the issue at bar today is, "what is a compensable injury for purposes of commencing the statute of limitations contained within §11-9-702(a)(1)," which applies to a claimant's right to recover benefits for an initial "compensable injury." However, in *Cornish Welding Shops*, this court was confronted with the issue, "when does the statute of limitations contained within § 11-9-702(b) commence to run?" That provision, in pertinent part, reads as follows:

> TIME FOR FILING FOR ADDITIONAL COMPEN-SATION. In cases where compensation for disability has been paid on account of injury, a claim for additional compensation shall be barred unless filed with the commission within one year one (1) year from the date of the last payment of compensation, or two (2) years from the date of the injury, whichever is greater.

Therefore, § 11-9-702(b) and *Cornish Welding Shops* govern only the time in which a claimant, suffering a recurrence of an earlier fully compensated "compensable injury," must file a claim for "additional compensation." It is clear from a reading of both *Donaldson* and *Cornish Welding Shops* that the former is a "compensable injury" case under § 11-9-702(a)(1) and the latter a "recurrent injury" case under § 11-9-702(b). Likewise, the case at bar is a "compensable injury" case and thus, the Commission and the Court of Appeals were correct in ruling that *Donaldson* is controlling.

We therefore affirm the Court of Appeals.

HOLT, C.J., not participating.