## MINNESOTA MINING & MANUFACTURING and Old Republic Insurance Company *v.* Theodore BAKER

CA 97-1403 975 S.W.2d 863

Court of Appeals of Arkansas
Divisions I and II
Opinion delivered October 7, 1998

[Petition for rehearing denied December 2, 1998.]

██ ██

*Barber, McCaskill, Jones & Hale, P.A.*, by: *Gail Ponder Gaines*, for appellants.

*Davis & Holiman*, by: *Zan Davis*, for appellee.

OLLY NEAL, Judge. Minnesota Mining & Manufacturing (3M) and Old Republic Insurance Company appeal the Workers' Compensation Commission's decision that Theodore Baker is entitled to disability benefits for an occupational noise-induced hearing loss. For reversal, appellants contend that the Commission's finding that appellee sustained a compensable hearing loss is not supported by substantial evidence and that appellee's claim is barred by the statute of limitations. We affirm.

Baker's employment with appellant, 3M, began on August 18, 1977, and continues. On February 23, 1978, a baseline hearing test was administered to appellee, the results of which demonstrated significant bilateral hearing deficiencies. Appellee underwent subsequent tests that demonstrated no clinically significant decrease in hearing from the February 1978 baseline test through the time he filed his claim in February 1992.

██ Appellants contend that the Commission's finding that Baker sustained a compensable hearing loss is not supported by substantial evidence. We review decisions of the Workers' Compensation Commission and affirm if they are supported by substantial evidence. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Min-Ark. Pallet Co. v. Lindsey,* 58 Ark. App. 309, 950 S.W.2d 468 (1997). The issue is not whether we might have reached a different result or whether the evidence would have supported a contrary finding; if reasonable minds could reach the Commission's conclusion, we must affirm its decision. *Id.*

At the administrative hearing on his claim, Baker testified that his employment with 3M began on August 18, 1977, and that

he initially was assigned to work in the bagging department where 3M's principal product, roofing granules, are prepared for shipping. According to Baker, he began experiencing moderate to severe hearing loss within three to four months of his employment, and the hearing tests he took within the following two-month period showed significant hearing loss. Subsequent tests, including an audiogram administered in December 1992, showed no significant change in his hearing from the results of the February 23, 1978, hearing test. Baker testified that he was transferred to another department shortly after his initial hearing examination. Documentary medical evidence corroborated Baker's testimony regarding his hearing loss.

Dr. Daniel J. Orchik opined in a report dated June 2, 1993, that, based on the appellee's medical records, work history, and other relevant history, Baker suffers from noise-induced hearing loss related to his employment with 3M. He noted that during the six-month period between the time he was hired and the time of his first audiological exam, the appellee was exposed to workplace noise as high as ninety-nine decibels without the benefit of any hearing protection. Appellee worked an average of forty-seven hours weekly, including some twelve-hour shifts. Dr. Orchik agreed that appellant's audiogram results did not change significantly between his baseline or initial test in February 1978 and the test he underwent in December 1992. He concluded that Baker suffered 46.25 percent impairment in the left ear, 38.8 percent in the right, and binaural impairment of 39.82 percent.

■ ■ Appellant 3M contends that because appellee did not experience a significant decrease in his hearing after the February 1978 baseline audiogram, the Commission could not find that his hearing loss is related to his employment. It is well established that it is within the Commission's province to weigh all the medical evidence and to determine what is most credible. *McClain v. Texaco, Inc.*, 29 Ark. App. 218, 780 S.W.2d 34 (1989). Dr. Orchik's opinion, Baker's testimony that he did not have a hearing impairment prior to becoming employed by 3M, and the fact that he was transferred from the bagging station, 3M's noisiest job site, shortly after his first hearing test, constitute substantial

evidence to support the Commission's finding that appellee proved his hearing loss was caused by his employment.

Appellants next contend that Baker's claim was barred by the statute of limitations. It is undisputed that appellee's hearing deficiencies were established and known following hearing tests administered on February 23, 1978. The parties also agree that appellee has not suffered any loss of earnings because of the injury.

■ The case at bar presents an issue of first impression for this court because whether the statute of limitations applies to scheduled injuries has yet to be decided. The beginning point in interpreting a statute is to construe the words just as they read and to give them their ordinary meaning. *Arkansas Dept. of Health v. Westark Christian Action*, 322 Ark. 440, 910 S.W.2d 199 (1995). The basic rule of statutory construction is to give effect to the intent of the legislature, making use of common sense. *Office of Child Support Enforcement v. Harnage*, 322 Ark. 461, 910 S.W.2d 207 (1995). Statutes relating to the same subject should be read in a harmonious manner, if possible. *Mecco Seed v. London*, 47 Ark. App. 121, 886 S.W.2d 882 (1994).

Because appellant filed his claim in February 1992, the commencing of the statute of limitations is controlled by Arkansas Code Annotated § 11-9-702(a)(1) (1987), which provides:

> TIME FOR FILING. (1) A claim for compensation for disability on account of injury, other than an occupational disease and occupational infection, shall be barred unless filed with the Commission within two (2) years from the date of injury.

■ ■ The time of injury means when an injury becomes compensable, not the date of the accident. *Donaldson v. Calvert-McBride Ptg. Co.*, 217 Ark. 625, 232 S.W.2d 651 (1950). For purposes of commencing the statute of limitation under Ark. Code Ann. § 11-9-702(a)(1), an "injury" is not to be construed as "compensable" until (1) the injury develops or becomes apparent and (2) the claimant suffers a loss in earnings on account of the injury. Thus, the statute of limitations does not begin to run until both elements of the rule are met. *Hall's Cleaners v. Wortham*, 311 Ark. 103, 842 S.W.2d 7 (1992). Following the supreme court's 1950 decision in *Donaldson v. Calvert-McBride Ptg. Co., supra*, we

held that a claimant's injury did not become a compensable one until he suffered a loss of earnings. Disability, which is compensable under our statute, is based upon incapacity to earn because of injury. *Arkansas Louisiana Gas Co. v. Grooms*, 10 Ark. App. 92, 661 S.W.2d 433 (1983).

In a majority of jurisdictions, the statute of limitations generally begins to run on a workers' compensation claim for alleged hearing loss when the claimant is aware of his injury and aware that the injury is causally related to the working environment. See 4 Larson, *Workers' Compensation Law*, App. A-2C-1(1997). However, Arkansas is technically a "compensable injury" state. *Hall's Cleaners, supra.*

A few jurisdictions as well as Arkansas have similar statute-of-limitations requirements that address compensable injuries, i.e., those injuries that disable an employee totally or partially from performance of his work or require medical or surgical treatment. *Williams v. S.N. Long Warehouse Co.*, 426 S.W.2d 725 (Mo. Ct. App. 1968). The Missouri Court of Appeals determined that the statutory period for workers' compensation did not begin to run until the claimant's doctor told the employee not to go back to work. *Sellers v. Trans World Airlines, Inc.*, 752 S.W.2d 413 (Mo. Ct. App. 1988). However, the subtle distinction between the law of that jurisdiction and Arkansas law is that any medical or surgical treatment provided to the claimant will begin the running of the statutory period for filing a claim for compensation.

Appellant contends that the legislature did not intend that a gradual-onset occupational, noise-induced hearing loss would not have an applicable statute of limitations. This is so, according to appellant, because gradual-onset hearing loss by its very nature will not result in time missed from work or in a loss of earning capacity, because there is no treatment other than hearing aids.

■ Here, because the permanent injury suffered by appellee affects only his hearing, the permanent injury may be reduced to a scheduled injury. *See Anchor Const. Co. v. Rice,* 252 Ark. 460, 479 S.W.2d 573 (1972).

Arkansas Code Annotated § 11-9-521(a)(16) (1987) provides:

> (a) An employee who sustains a permanent injury scheduled in this section shall receive, in addition to compensation for the healing period, weekly benefits in the amount of the permanent partial disability rate attributable to the injury, for that period set out in the following schedule:
>
> . . .
>
> (16) loss of hearing of both ears, one hundred fifty-eight (158) weeks;
>
> . . .

■ Compensation for an injury scheduled in Ark. Code Ann. § 11-9-521(a) is payable to the injured worker without regard to subsequent earning capacity. These benefits are awarded more in the nature of an indemnity for physical or functional loss and are payable whether the worker is employed or unemployed and irrespective of what his wages or earning capacity may be. *Rash v. Goodyear Tire & Rubber Co.*, 18 Ark. App. 248, 715 S.W.2d 449 (1986).

■ Professor Larson, in his treatise on workers' compensation law, sets forth the following reasons for awarding scheduled benefits:

> Under most acts, if an injury has left the claimant with a permanent bodily impairment, compensation for a specified number of weeks is payable without regard to presence or absence of wage loss during that period.
>
> . . .
>
> . . . these payments are not dependent on actual wage loss. This is not, however, to be interpreted as an erratic deviation from the underlying principle of compensation law — that benefits relate to the loss of earning capacity and not to physical injury as such. The basic theory remains the same; the only difference is that the effect on earning capacity is a conclusively presumed one, instead of a specifically proved one based on the individual's actual wage-loss experience.

4 Larson, *Workers' Compensation Law*, § 58 (1997).

 Upon reading related statutes, case law, and reviewing the underlying policies for awarding benefits for scheduled injuries, it is clear that the legislature intended that compensation for scheduled injuries be awarded without regard to the statute of limitations in § 11-9-702(a)(1). Disability benefits for compensable injuries under other sections of the workers' compensation act continue until the employee's healing period has ended. Compensation for injuries scheduled by statute are limited to the period scheduled and do not extend until a cure is effected. *See e.g., Tibbs v. Dixie Bearings, Inc.*, 9 Ark. App. 150, 654 S.W.2d 588 (1988). Moreover, in cases involving scheduled injuries, it is clear that a loss in earnings has no effect on the award of benefits. This is so, because the benefits are awarded in the nature of an indemnity for bodily impairment. If we were to decide that the statute of limitations applies to scheduled injuries, the result would be that the injury would not become compensable until a loss in earnings occurred. In that case, workers like appellee who have not experienced a loss of earnings would never satisfy the requirements of a compensable injury.

Our workers' compensation law in effect prior to the legislative enactment of Act 796 of 1993 required that we construe sections of the act liberally in favor of awarding compensation. We hold that the legislature did not intend that the statute of limitations apply to scheduled injuries, especially in light of the underlying rationale for awarding benefits for scheduled injuries.

Affirmed.

STROUD, CRABTREE and ROAF, JJ., agree.

GRIFFEN and MEADS, JJ., dissent.

MARGARET MEADS, Judge, dissenting. I cannot agree with the result in this case because I believe it completely disregards the statute of limitations for filing a workers' compensation claim in this state. The majority is willing to recognize a special category of claimants, those who suffer from scheduled injuries, and permit them to file their claims at any time, regardless of when they were injured or became aware of their condition. In my opinion, this is

an outrageous result which is unfair to employers and should not be the law.

Appellee began working for appellant Minnesota Mining & Manufacturing ("3M") in August 1977, and his hearing was first tested by 3M in February 1978. The results of this baseline test were provided to appellant. There is no question that appellant knew he had a significant hearing deficiency in 1978. Appellee filed his claim for benefits in 1992.

Arkansas Code Annotated section 11-9-702(a)(1) (1987) provides, in pertinent part:

> A claim for compensation for disability on account of an injury, other than an occupational disease and occupational infection, shall be barred unless filed with the commission within two (2) years from the date of the injury.

Injury means the state of facts which first entitle a claimant to compensation. *Cornish Welding Shop v. Galbraith*, 278 Ark. 185, 644 S.W.2d 926 (1983). Our courts have held that, for purposes of commencing the statute of limitations under section 11-9-702(a)(1), the word "injury" is to be construed as "compensable injury," and that an injury does not become "compensable" until (1) the injury develops or becomes apparent, and (2) the claimant suffers a loss in earnings on account of the injury. *Donaldson v. Calvert-McBride Printing Co.*, 217 Ark. 625, 232 S.W.2d 651 (1950); *Arkansas Louisiana Gas Co. v. Grooms*, 10 Ark. App. 92, 661 S.W.2d 433 (1983); *Shepherd v. Easterling Const. Co.*, 7 Ark. App. 192, 646 S.W.2d 37 (1983). The statute of limitations does not begin to run until both elements of the rule are met. *Hall's Cleaners v. Wortham*, 311 Ark. 103, 842 S.W.2d 7 (1992).

The majority opinion points out that appellee has not suffered any loss of earnings because of his injury, and he cannot meet the second prong of the above two-prong test. Applying the rule of *Hall's Cleaners*, appellee would not be entitled to any disability compensation unless and until he actually suffers a loss of earnings. To avoid this result, the majority has treated work-related noise-induced hearing loss as a scheduled injury for which benefits are awarded to an injured worker without regard to earning loss or employment status. With this, I can agree. Where I

disagree is in the majority's holding that the statute of limitations does not apply to scheduled injuries.

Any statute of limitations will eventually operate to bar a remedy, and the time within which a claim should be asserted is a matter of public policy, the determination of which lies almost exclusively in the legislative domain, and the decision of the General Assembly in that regard will not be interfered with by the courts in the absence of palpable error in the exercise of the legislative judgment. *Owen v. Wilson*, 260 Ark. 21, 537 S.W.2d 543 (1976); *Hamilton v. Jeffrey Stone Co.*, 25 Ark. App. 66, 752 S.W.2d 288 (1988). The basic policy reasons for statutes of limitations have been expressed as follows:

> Statutes of limitation find their justification in necessity and convenience rather than in logic. They represent expedients, rather than principles. They are practical and pragmatic devices to spare the courts from litigation of stale claims, and the citizen from being put to his defense after memories have faded, witnesses have died or disappeared, and evidence has been lost. (Citation omitted.) They are by definition arbitrary, and their operation does not discriminate between the just and the unjust claim, or the avoidable and unavoidable delay. They have come into the law not through the judicial process but through legislation. They represent a public policy about the privilege to litigate.

*Owen, supra,* at 26, quoting *Chase Securities Corp. v. Donaldson*, 325 U.S.304 (1945). For this court to abandon the statute of limitations for all scheduled injuries in general and for noise-induced hearing loss in particular is a step I am unwilling to take.

The majority has cited Larson's treatise on Workers' Compensation Law for the proposition that for scheduled injuries, compensation for a specified number of weeks is payable without regard to the presence or absence of wage loss during that period. Larson writes:

> This is not, however, to be interpreted as an erratic deviation from the underlying principle of compensation law — that benefits relate to the *loss of earning capacity* and not to physical injury as such. The basic theory remains the same; the only difference is that the effect on earning capacity is a *conclusively pre-*

*sumed* one, instead of a specifically proved one based on the individual's actual wage-loss experience.

4 ARTHUR LARSON & LEX K. LARSON, LARSON'S WORKERS' COMPENSATION LAW § 58.11 at 10-492.91-.92(1998)(footnotes omitted)(emphasis added).

This theory means that a claimant seeking benefits for a scheduled injury is not required to prove a loss of earnings or earning capacity in order to be entitled to compensation. The impact on a claimant's earnings or earning capacity is conclusively presumed.

Applying this theory to the two-prong test recited above, a work-related noise-induced hearing-loss injury does not become compensable until (1) the injury develops or becomes apparent, and (2) claimant suffers a loss in earnings on account of the injury, which loss is conclusively presumed. Because the statute of limitations does not begin to run until both elements of the rule are met, and because of the conclusive presumption as to loss of earnings, the statute of limitations with respect to work-related noise-induced hearing loss begins to run when the hearing loss becomes apparent to the claimant.

The burden of filing a claim within the statute of limitations is on the claimant. *Plunkett v. St. Francis Valley Lumber Co.*, 25 Ark. App. 195, 755 S.W.2d 240 (1988); *St. John v. Arkansas Lime Co.*, 8 Ark. App. 278, 651 S.W.2d 104 (1983). The court cannot extend the period of the statute of limitations on appeal, despite the fact that a claim may be meritorious. *Miller v. Everett*, 252 Ark. 824, 481 S.W.2d 335 (1972).

Here, appellant became aware of his hearing loss in February 1978. In my opinion, the statute of limitations began to run in February 1978, and appellant's claim became time-barred in February 1980, pursuant to Ark. Code Ann. section 11-9-702(a)(1). Although appellant's claim may be meritorious, I do not think we should extend the time for him to file his claim by some twelve years.

I respectfully dissent.

GRIFFEN, J., agrees.

SUPPLEMENTAL OPINION ON DENIAL
OF REHEARING

December 2, 1998

984 S.W.2d 28

WORKERS' COMPENSATION — STATUTE OF LIMITATIONS — INAPPLI-
CABLE TO SCHEDULED INJURIES INVOLVING HEARING LOSS WHERE
THERE IS NO LOSS OF WAGES. — The appellate court clarified its
holding to reflect that the statute of limitations cannot apply to
scheduled injuries involving hearing loss where there is no loss of
wages; the decision to treat hearing loss, where there is no loss of
wages, different than other scheduled injuries was based upon the
fact that such claims would otherwise not be compensable; other
scheduled injuries may result in the permanent loss of a member of
the injured worker's body thereby resulting in compensability.

Appeal from the Arkansas Workers' Compensation Commis-
sion; Supplemental Opinion on Denial of Rehearing.

*Barber, McCaskill, Jones & Hale, P.A.*, by: *Gail Ponder Gaines*,
for appellants.

*Davis & Holiman*, by: *Zan Davis*, for appellee.

OLLY NEAL, Judge. In a recent opinion dated October 7,
1998, we affirmed the order of the Workers' Compensation Com-
mission that held that appellee's claim for work-related hearing
loss was not barred by the statute of limitations.

Appellants have filed a petition for rehearing that takes issue
with the portion of our opinion holding that the statute of limita-
tions was not intended to apply to scheduled injuries. We agree
with appellants that the statute of limitations has been held to
apply to other scheduled injuries. Notwithstanding, that does not
change our holding that the statute of limitations under the facts
of this case does not apply to workers' compensation cases involv-
ing hearing loss, which is a scheduled injury, where there was no
loss of wages.

■ Therefore, we clarify our holding to reflect that the statute of limitations cannot apply to scheduled injuries involving hearing loss where there is no loss of wages. Our decision to treat hearing loss, where there is no loss of wages, different than other scheduled injuries is based upon the fact that such claims would otherwise not be compensable. *See Hall's Cleaners v. Wortham*, 311 Ark. 103, 842 S.W.2d 7 (1992); *Donaldson v. Calvert-McBride Printing Co.*, 217 Ark. 625, 232 S.W.2d 651 (1950). Other scheduled injuries may result in the permanent loss of a member of the injured worker's body thereby resulting in compensability.

The stance we have taken regarding the applicability of the statute of limitations to claims involving hearing loss is not contrary to prior caselaw. In the case of other injuries scheduled under Arkansas Code Annotated § 11-9-521, the nature of those work-related injuries is usually apparent, and such injuries usually result in a loss of earnings well within the limitations period. In the instant case, the loss of hearing was gradual and continued over a period of time and did not affect the employee's ability to earn wages.

STROUD, CRABTREE, and ROAF, JJ., agree.

GRIFFEN and MEADS, JJ., would grant.