

# ARKANSAS COURT OF APPEALS

DIVISIONS I & IV
**No.** CV-14-32

|  |  |
|---|---|
| | **Opinion Delivered** November 19, 2014 |
| MARIA ESTRADA<br>APPELLANT | APPEAL FROM THE ARKANSAS WORKERS' COMPENSATION COMMISSION<br>[NO. G208219] |
| V. | |
| AERT, INC., AND NATIONAL UNION FIRE INSURANCE<br>APPELLEES | REVERSED AND REMANDED |

## BRANDON J. HARRISON, Judge

This statutory-interpretation case raises an issue in workers'-compensation law: When did the two-year statute of limitations begin to run on Maria Estrada's unscheduled, gradual-onset back injury?

## I.

Estrada worked as an embosser at AERT, Inc., from 2005 to 2012. That job required her to lift and stack large pieces of wood for twelve hours at a stretch. According to Estrada, the job caused some back pain that she dealt with until it became too severe and required surgery. Estrada then made a medical-treatment claim and a temporary total-disability benefits claim.

SLIP OPINION

During the hearing before the administrative law judge, Estrada testified that her pain worsened "little by little" the longer she worked at AERT. She said that she managed her pain with nonprescription medication and that many people at her work had back pain from the heavy lifting. In 2009, Estrada first reported mild back pain to her family physician, Dr. Schemel. (She also presented for additional, unrelated complaints at that same visit.) Dr. Schemel referred Estrada to physical therapy. According to Estrada, in mid-2011 her pain "changed" and she "just could not stand it anymore," so she went to see a chiropractor. The chiropractor sent Estrada to an orthopedist, a referral that culminated in a December 2011 MRI showing that Estrada had a herniated disc.

In February 2012, Estrada missed work with AERT for the first time because of back pain. When she returned to work, Estrada told her supervisor, Marcello Llamas, she was receiving treatment for her back and that her job made the pain worse. The supervisor assigned Estrada to a lighter-duty position. Estrada worked at AERT at the lighter-duty position until she had back surgery in August 2012. Estrada hired an attorney and opened a workers'-compensation claim in September 2012. AERT disputed whether Estrada sustained a gradual-onset compensable injury to her low back, her entitlement to benefits, and her attorney's fee request.

The law judge ruled in AERT's favor. Estrada appealed to the Arkansas Workers' Compensation Commission (the Commission), which adopted the law judge's opinion and held:

> 1. The claimant's claim, filed in 2012, related to a gradual onset injury to her low back is barred by the statute of limitations. She failed to give proper notice in 2009 of a work related injury, with no satisfactory excuse.



2. Having found that the claim is barred by the statute of limitations, the issues of compensability and benefits are moot.

Citing Arkansas Code Annotated section 11-9-702(a)(1), the Commission reasoned that Estrada's back condition "required medical services" in 2009 when she saw her family physician Dr. Schemel and he referred her to physical therapy. The Commission stated that "[t]he appropriate time for the filing of [Estrada's] claim was in 2009 when the claimant, by her own testimony, first noticed her low back pain."

We disagree with the Commission's statute-of-limitations analysis and its conclusion that Estrada's claims are time-barred. Therefore, we reverse the Commission's decision and remand for further proceedings.

## II.

We review this statutory-interpretation case de novo. *See Intents, Inc. v. Sw. Elec. Power Co.*, 2011 Ark. 32, 376 S.W.3d 435. Two statutes are particularly relevant to the limitations-period issue. The primary statute of limitations is Arkansas Code Annotated section 11-9-702(a)(1) (Repl. 2012), which states:

> A claim for compensation for disability on account of an injury, other than an occupational disease and occupational infection, shall be barred unless filed with the Workers' Compensation Commission within two (2) years from the date of the compensable injury. . . . For purposes of this section, the date of the compensable injury shall be defined as the date an injury is caused by an accident as set forth in § 11-9-102(4).

The pertinent part of the cross-referenced statute, section 11-9-102(4), states:

> "Compensable injury" means: (i) An accidental injury causing internal or external physical harm to the body or accidental injury to prosthetic appliances, including eyeglasses, contact lenses, or hearing aids, arising out of and in the course of employment and which requires medical services or

SLIP OPINION

results in disability or death. An injury is "accidental" only if it is caused by a specific incident and is identifiable by time and place of occurrence[.]

Ark. Code Ann. § 11-9-102(4)(A)(i) (Repl. 2012).

Given this case's facts, the Commission must have applied section 11-9-102(4)(A)(i), the "accidental injury" provision, to Estrada's gradual-onset injury to determine that the limitations period had begun to run against her in 2009 and had barred her claims before she made them in 2012. But Estrada's gradual-onset injury was not caused by an accident, nor was her injury caused by a specific incident that occurred at an identifiable time and place.

The Commission's decision to apply section 11-9-102(4)(A)(i) to this gradual-onset- injury case was a mistake of law. In *Pina v. Wal-Mart Stores, Inc.*, 91 Ark. App. 77, 208 S.W.3d 236 (2005), this court noted Act 796 of 1993 and concluded that section 11-9-102(4) "did not address the injury date with regard to gradual-onset injuries[.]" *Id*. at 83, 208 S.W.3d at 239. This court in *Pina* also noted that "[i]t has long been held that the statute of limitations does not commence to run until the true extent of the injury manifests and causes an incapacity to earn wages sufficient to give rise to a claim for disability benefits." *Id*., 208 S.W.3d at 239 (citing *Hall's Cleaners v. Wortham*, 311 Ark. 103, 842 S.W.2d 7 (1992), and additional cases). That *Pina* addressed a scheduled gradual-onset injury, and this case concerns a nonscheduled gradual-onset injury, is not a material difference for statute-of-limitations purposes. *See also Cottage Café, Inc. v. Collette*, 94 Ark. App. 72, 75–76, 226 S.W.3d 27, 30–31 (2006) (quoting approvingly from *Pina*, *supra*).

When an appellate court interprets a statute, the interpretation becomes a part of the statute itself. *Pifer v. Single Source Transp.*, 347 Ark. 851, 69 S.W.3d 1 (2002). The

SLIP OPINION

General Assembly is presumed to be familiar with our interpretation of its statutes. Unless a statute is amended following an appellate court's interpretation, the court's decision is the law. *Miller v. Enders*, 2013 Ark. 23, 425 S.W.3d 723. Here, the governing law when the Commission decided to apply section 11-9-102(4)(A)(i) to Estrada's gradual-onset injury was that the section does not apply to gradual-onset injuries.

This brings us to the Commission's conclusion that, "[h]aving found that the claim is barred by the statute of limitations, the issues of compensability and benefits are moot." We do not agree that whether Estrada incurred a compensable injury is a moot question; deciding the "compensable injury" question is an important part of the statute-of-limitations analysis because it determines when the two-year time period is triggered. In *Hall's Cleaners v. Wortham*, the Arkansas Supreme Court noted that the limitations period begins to run against a claimant when he or she incurs a "compensable injury." 311 Ark. at 106, 842 S.W.2d at 9. A worker has a compensable injury when (1) the injury develops or becomes apparent and (2) the worker suffers a loss in earnings because of the injury. *Id.*, 842 S.W.2d at 9; *see also Pina*, 91 Ark. App. at 83, 208 S.W.3d at 239. The Commission did not analyze Estrada's statute-of-limitations issue in this way. And we will not address the "compensable injury" issue in the first instance.

**III.**

We reverse the Commission's decision to time-bar Estrada's claims under section 11-9-102(4)(A)(i). We also remand this case to the Commission so that it may analyze the compensable-injury issue in accord with how the Arkansas Supreme Court and this court have done so when deciding whether the two-year statute of limitations time-bars a

SLIP OPINION

worker's gradual-onset-injury claim. We express no opinion on whether Maria Estrada timely provided the required notice to her employer.

Reversed and remanded.

GRUBER, WHITEAKER, and VAUGHT, JJ., agree.

WYNNE and GLOVER, JJ., dissent.

**ROBIN F. WYNNE, Judge, dissenting.** I dissent from the majority's decision to reverse and remand the decision of the Commission. Because I believe that the Commission correctly determined that appellant's claim was barred by the applicable statute of limitations, I would affirm the Commission's decision.

In holding that the Commission erred, the majority cites *Hall's Cleaners v. Wortham*, 311 Ark. 103, 842 S.W.2d 7 (1992). While the majority correctly recites the holding in Hall, it neglects to consider the impact of the General Assembly's amendment of Arkansas Code Annotated section 11-9-702 in 1993. Prior to 1993, section 11-9-702(a)(1) stated that "[a] claim for compensation for disability on account of injury, other than an occupational disease and occupational infection, shall be barred unless filed with the commission within two years from the date of the injury." The term "date of the injury" was not defined, leaving it to the Commission and our appellate courts to determine what the date of the injury would be. Our supreme court determined that an "injury" was to be construed as a "compensable injury" and that an injury did not become "compensable" until (1) the injury develops or becomes apparent and (2) the claimant suffers a loss in earnings on account of the injury. *See, e.g.*, *Donaldson v. Calvert-McBride Printing Co.*, 217 Ark. 625, 232 S.W.2d 651 (1950).

However, in 1993, the General Assembly amended section 11-9-702 to state that, for the purposes of that section, the date of compensable injury shall be defined as the date an injury is caused by an accident as set forth in section 11-9-102(4). Arkansas Code Annotated section 11-9-102(4)(A)(i) defines a compensable injury as "an accidental injury causing internal or external physical harm to the body or accidental injury to prosthetic appliances, including eyeglasses, contact lenses, or hearing aids, arising out of and in the course of employment and which requires medical services or results in disability or death." It also states that "[a]n injury is 'accidental' only if it is caused by a specific incident and is identifiable by time and place of occurrence." This is the only part of section 11-9-102(4) that sets out what an "accident" is.

No longer can the date that the statute begins to run be supplied by case law, as in *Donaldson* and *Hall's Cleaners*, because it has now been supplied by the legislature in the statute itself. By its language, the two-year period only begins to run from the date an injury is caused by an accident, as set forth in section 11-9-102(4).[1] If the injury is not caused by an accident, section 11-9-702(a)(1) has no application and the two-year limitations period contained in that statute never begins to run. By stating that section 11-9-102(4)(A)(i) does not apply to gradual-onset injuries, the majority has, in reality, stated that section 11-9-702(a)(1) does not apply to gradual-onset injuries, with the result that such injuries are now not subject to the statute of limitations. The holding in *Hall's*

---

[1]**Error! Main Document Only.**The legislature provided a separate start date for the statute of limitations for claims involving occupational diseases. Ark. Code Ann. § 11-9-702(a)(2). No such separate section for gradual-onset injuries exists in the statute.

*Cleaners* cannot be used to create separate limitations rules for gradual-onset injuries, which is what the majority has done.

The result of the majority decision simply cannot be what the legislature intended when it amended the statute in 1993. There is, however, a way to read section 11-9-102(4) so that gradual-onset injuries would be subject to the statute of limitations, as the legislature no doubt did intend. Section 11-9-102(4)(A)(i) defines a "compensable injury" as an accidental injury arising out of and in the course of employment and which requires medical services or results in disability or death. In amending section 11-9-702, the legislature intended for the two-year limitations period to commence running once the injury in question required medical services or resulted in disability or death. In this case, appellant initially reported back pain to her doctor in 2009 and received physical therapy in early 2010. The Commission held that these actions commenced the running of the statute of limitations. Thus, the Commission correctly determined that the two-year limitations period lapsed before appellant's claim was filed in August 2012. Its decision should be affirmed.

GLOVER, J., joins.

*Tolley & Brooks, P.A.*, by: *Evelyn E. Brooks*, for appellant.

*Worley, Wood & Parrish, P.A.*, by: *Jarrod S. Parrish*, for appellees.