ROBIN F. WYNNE, Judge, dissenting. I dissent from the majority’s decision to reverse and remand the decision of the Commission. Because I believe that the Commission correctly determined that appellant’s claim was barred by the applicable statute of limitations, I would affirm the Commission’s decision. In holding that the Commission erred, the majority cites Hall’s Cleaners v. Wortham, 311 Ark. 103, 842 S.W.2d 7 (1992). While the majority correctly recites the holding in Hall, it neglects to consider the impact of the General Assembly’s amendment of Arkansas Code Annotated section 11-9-702 in 1993. Prior to 1993, section 11-9-702(a)(1) stated that “[a] claim for compensation for disability on account of injury, other than an occupational disease and occupational infection, shall be barred unless filed with the commission within two years from the date of the injury.” The term “date of the injury” was not defined, leaving it to the Commission and our appellate courts to determine what the date of the injury would be. Our supreme court determined that an “injury” was to be construed as a “compensable injury” and that an injury did not become “com-pensable” until (1) the injury develops or becomes apparent and (2) the claimant suffers a loss in earnings on account of the injury. See, e.g., Donaldson v. Calvert-McBride Printing Co., 217 Ark. 625, 232 S.W.2d 651 (1950). |7However, in 1993, the General Assembly amended section 11-9-702 to state that, for the purposes of that section, the date of compensable injury shall be defined as the date an injury is caused by an accident as set forth in section 11 — 9— 102(4). Arkansas Code Annotated section ll-9-102(4)(A)(i) defines a compensable injury as “an accidental injury causing internal or external physical harm to the body or accidental injury to prosthetic appliances, including eyeglasses, contact lenses, or hearing aids, arising out of and in the course of employment and which requires medical services or results in disability or death.” It also states that “[a]n injury is ‘accidental’ only if it is caused by a specific incident and is identifiable by time and place of occurrence.” This is the only part of section 11-9-102(4) that sets out what an “accident” is. No longer can the date that the statute begins to run be supplied by case law, as in Donaldson and Hall’s Cleaners, because it has now been supplied by the legislature in the statute itself. By its language, the two-year period only begins to run from the date an injury is caused by an accident, as set forth in section 11-9-102(4).[1] If the injury is not caused by an accident, section ll-9-702(a)(l) has no application and the two-year limitations period contained in that statute never begins to run. By stating that section 11 — 9—102(4)(A)(i) does not apply to gradual-onset injuries, the majority has, in reality, stated that section ll-9-702(a)(l) does not apply to gradual-onset injuries, with the result that such injuries are now not subject to the statute of limitations. The holding in Hall’s | sCleaners cannot be used to create separate limitations rules for gradual-onset injuries, which is what the majority has done. The result of the majority decision simply cannot be what the legislature intended when it amended the statute in 1993. There is, however, a way to read section 11-9-102(4) so that gradual-onset injuries would be subject to the statute of limitations, as the legislature no doubt did intend. Section 11 — 9—102 (4)(A) (i) defines a “compensable injury” as an accidental injury arising out of and in the course of employment and which requires medical services or results in disability or death. In amending section 11-9-702, the legislature intended for the two-year limitations period to commence running once the injury in question required medical services or resulted in disability or death. In this case, appellant initially reported back pain to her doctor in 2009 and received physical therapy in early 2010. The Commission held that these actions commenced the running of the statute of limitations. Thus, the Commission correctly determined that the two-year limitations period lapsed before appellant’s claim was filed in .August 2012. Its decision should be affirmed. GLOVER, J., joins. . The legislature provided a separate start date for the statute of limitations for claims involving occupational diseases. Ark.Code Ann. § ll-9-702(a)(2). No such separate section for gradual-onset injuries exists in the statute.