

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV-15-582

| | |
|---|---|
| LA-Z-BOY MANUFACTURING, INC.<br>APPELLANT | **Opinion Delivered** February 24, 2016 |
| V. | APPEAL FROM THE ARKANSAS<br>WORKERS' COMPENSATION<br>COMMISSION<br>[NO. G309173] |
| REBECCA BRUNER<br>APPELLEE | |
| | AFFIRMED |

## RITA W. GRUBER, Judge

La-Z-Boy Manufacturing, Inc., appeals the decision of the Arkansas Workers' Compensation Commission that adjudicated Rebecca Bruner's claim of bilateral carpal-tunnel syndrome as a compensable injury.[1] La-Z-Boy contends that the Commission's finding that the claim was not barred by the statute of limitations is an error of law and is not supported by substantial evidence. We disagree and affirm.

With exceptions not relevant to the present case, a claim for compensation for disability on account of an injury shall be barred unless filed with the Commission within two years from the date of the compensable injury. Ark. Code Ann. § 11-9-702(a)(1) (Repl. 2012). The statute of limitations for gradual-onset injuries, such as carpal-tunnel syndrome, begins to run when the injury becomes apparent to the claimant. *Pina v. Wal-Mart Stores,*

---

[1]The Commission also found that the treating physician's "referral to an orthopedic surgeon" was reasonably necessary in connection with the injury.

*Inc.*, 91 Ark. App. 77, 84, 208 S.W.3d 236, 239–40 (2005) (citing *Minnesota Mining & Manufacturing v. Baker*, 337 Ark. 94, 989 S.W.2d 151 (1999)); *see also Cottage Cafe, Inc. v. Collette*, 94 Ark. App. 72, 76, 226 S.W.3d 27, 30 (2006). The claimant's awareness that her injury is causally related to the working environment is not an element of the inquiry. *Pina*, 91 Ark. App. at 85, 208 S.W.3d at 240.

La–Z–Boy contends that the Commission disregarded case law that has established the analysis for a determination of the commencement of the limitations period. La–Z–Boy also challenges the Commission's finding that Ms. Bruner's injury was first apparent to her in October 2013 when her symptoms were diagnosed as carpal-tunnel syndrome and she reported her injury to her supervisor. La–Z–Boy argues that Ms. Bruner "was clearly aware of her injury, by her own admission, five or six years prior to filing a claim" and that testimony and medical records "conclusively show" her awareness three years before she filed her claim in November 2013. The administrative law judge outlined these issues as follows:

> The Commission has been asked to determine if the claimant sustained a compensable injury in the form of bilateral carpal tunnel syndrome with symptoms manifesting on October 22, 2013. However, the respondent has raised the statute of limitations as an affirmative defense. Therefore, the first question that must be addressed is if this claim is barred by the statute of limitations.

Regarding the statute-of-limitations issue, the Commission wrote the following in the opinion that we now review:

> [T]he Incident Statement completed by the claimant on November 7, 2013 indicated that she had suffered from "tingling and numbness" five to six years. Nevertheless, the claimant correctly states on appeal that she was not diagnosed with carpal tunnel syndrome until October 2013. The claimant cites *Pina v. Wal-Mart Stores, Inc.*, 91 Ark. App. 77, 208 S.W.3d 236 (2005). In *Pina*, the Court of Appeals affirmed the Commission's determination that the statute of limitations began running at the time

the claimant complained of symptoms to her supervisor. The Full Commission finds in the instant matter that the two-year statute of limitations did not begin running until October 2013, when the claimant first reported symptoms to her supervisor. The claimant's supervisor, Shelly Smith, corroborated the claimant's contention that she did not report work-related symptoms until October 2013. The claimant filed claim for worker's compensation no later than March 2014, well within the two-year statutory period. The Full Commission finds that the claimant's gradual-onset injury did not "become apparent" to the claimant until October 2013, when the claimant reported work-related symptoms to her supervisor. We find that the "true extent" of the claimant's injury did not manifest until October 2013. *See Hall's Cleaners v. Wortham*, 311 Ark. 103, 842 S.W.2d 7 (1992).

The Commission also concluded that Ms. Bruner proved that she had sustained a gradual-onset injury causing physical harm to the body, which arose out of and in the course of employment.

La–Z–Boy asserts on appeal that, in determining when a scheduled gradual-onset injury legally commences, the Commission applied the "manifestation" approach that we have previously rejected as improper. La–Z–Boy further argues that the record "is flooded with evidence" that Ms. Bruner knew of, recognized, and was aware of her injury "for over three years prior to October 2013." It points to testimony by her coworker Curtis Nebber, who on cross-examination said that Ms. Bruner "possibly" complained about her hands before then and to Ms. Bruner's testimony that she had previously experienced pain and numbness.

In *Collette*, 94 Ark. App. at 75, 226 S.W.3d at 29–30, where successive insurers accepted neither the compensability of the injury nor the liability of the claim, we wrote,

> [Pursuant to the manifestation approach], liability attaches when the injury "manifests" and the claimant begins to lose time from work, requires medical attention, and is no longer able to perform his job. Finding that "the true extent of the claimant's injury to her right wrist and elbow did not manifest itself until" appellant Farmers had become the carrier, it held that Farmers was liable for the claim.

SLIP OPINION

> The Commission cites neither authority nor public policy considerations supporting its adoption of this rule. Furthermore, it disregards prior opinions of the Arkansas appellate courts that bear on the question under consideration, *i.e.*, when does a scheduled gradual-onset injury legally commence?

We reversed and remanded for the Commission to make a finding as to when the claimant became aware of the injury under *Pina*, *supra*.

In October 1999, the claimant in *Pina* complained to her supervisor of numbness in her hands traveling to her forearms and elbows; she sought no medical treatment and was reassigned to various job positions and tasks. Medical records following a March 2002 motor-vehicle accident included her complaints of immediate pain in the neck, back, and shoulders; past numbness in her hands; and, subsequently, chronic numbness and tingling that radiated down her arms. A January 2001 medical record for an unrelated annual examination included her complaint of wrist and elbow pain and reported "numbness of her hands . . . and a burning sensation. She is awakened at night." *Pina*, 91 Ark. App. at 81, 208 S.W.3d at 238. Pina reported an injury to her supervisor when she noticed a worsening or increase in symptoms in January 2002, and she completed a statement for compensation based on an injury to both hands. The company doctor evaluated her, suspected carpal-tunnel syndrome, and referred her for nerve-conduction studies. Those results were consistent with a diagnosis of carpal-tunnel syndrome in both hands. The following day, an orthopedic surgeon saw her and opined that her occupation was of a "contributory nature" to her carpal-tunnel symptoms. *Id*. at 82, 208 S.W.3d at 238. The Commission found that "because her symptoms were sufficient to voice a complaint to her supervisor in October 1999, her injury became apparent to her by at least October 1999." *Id*. at 85, 208 S.W.3d at 240. We affirmed the

4

Commission's finding that Pina's April 2002 carpal-tunnel-syndrome claim was barred by the statute of limitations.

In the present case, the parties agreed to litigate whether Ms. Bruner sustained a compensable injury in the form of bilateral carpal-tunnel syndrome "with symptoms manifesting on October 22, 2013." There is no indication that, in deciding this issue, the Commission used the manifestation approach we rejected in *Collette*: lost time from work, requirement for medical attention, and inability to perform the job. We reject La-Z-Boy's argument that the Commission erred as a matter of law in applying an incorrect manifestation analysis.

On appellate review, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Commission's findings, and we affirm if the decision is supported by substantial evidence. *Get Rid of It Ark. v. Graham*, 2016 Ark. App. 88. Substantial evidence exists if reasonable minds could reach the Commission's conclusion. *Pina*, 91 Ark. App. at 83, 208 S.W.3d at 230. We will not reverse the Commission's decision unless fair-minded persons with the same facts before them could not have reached the Commission's conclusions. *Id*. The issue is not whether we might have reached a different result or whether the evidence would have supported a contrary finding; furthermore, we are bound by the Commission's determinations on issues of credibility. *Id*.

The Commission recounted the following testimony in reaching its decision. Ms. Bruner testified that after working about ten years in La-Z-Boy's cutting department sawing lengths of fabric, she then worked about four years as a "fiber blower." The latter job

involved gripping and holding a pillow onto a pipe of a machine that blew fiber into a bag—mainly using her right hand but sometimes her left, and working ten hours a day. Her coworker Russell Luethja, who had worked with her in "fiber fill," said the work was hand intensive and caused "wear and tear" on the body as well as fatigue in the upper extremities. The Commission recounted that Ms. Bruner's medical providers noted her hand-intensive work when she first sought medical treatment beginning on October 21, 2013; that electrodiagnostic testing on October 23, 2013, resulted in a diagnosis of bilateral carpal-tunnel syndrome; and that Dr. Gary Moffitt, upon referral from La-Z-Boy, also diagnosed "severe bilateral carpal tunnel syndrome" and noted on November 19, 2013, that Ms. Bruner performed "repetitive gripping at work."

We hold that substantial evidence supports the Commission's decision.

Affirmed.

GLADWIN, C.J., and VIRDEN, J., agree.

*Bassett Law Firm LLP*, by: *Curtis L. Nebben*, for appellant.

*Odom Law Firm, P.A.*, by: *Conrad T. Odom*, for appellee.